[No. C035358. Third Dist. Feb. 28, 2001.]

SHELDON PRAISER, Plaintiff and Appellant, v.
BIGGS UNIFIED SCHOOL DISTRICT et al., Defendants and
Respondents.

[black redaction block]

## COUNSEL

Wells, Small, Selke & Graham, Donald A. Selke, Jr., and Bartley S. Fleharty, for Plaintiff and Appellant.

Shepherd & Crabtree and Richard L. Crabtree for Defendants and Respondents.

## OPINION

**DAVIS, Acting P. J.**—In this appeal we interpret Education Code section 44922, subdivision (e).[1] Section 44922 allows school districts to establish reduced workload programs (i.e., part-time schedules) for certificated employees who are at least 55 years old and who satisfy certain other conditions. We read section 44922(e) to mean that while the reduced workload employee is paid the prorated share of his full-time salary, he retains the insurance benefits accorded to full-time employees as long as he makes the benefit payments that would be required if he remained in full-time employment (specifically at issue here are health insurance benefits). Consequently, we reverse the judgment denying plaintiff Sheldon Praiser's petition for writ of mandate, and remand for further proceedings.

### BACKGROUND

Plaintiff Sheldon Praiser (Praiser) was a full-time, certificated teacher employed by defendant Biggs Unified School District (District or the District) for over 10 years. On February 11, 1999, Praiser requested reduced workload/part-time status pursuant to section 44922. Section 44922(d) states that "[t]he option of [section 44922] part-time employment shall be exercised at the request of the employee . . . ." Under section 44922, Praiser became a part-time employee, with a corresponding prorated salary. Pursuant to article XIX of the collective bargaining agreement between District

---

[1]All further references to undesignated sections are to the Education Code; subdivisions of section 44922 will be referred to in the format "section 44922(e)."

and its teachers (Article XIX), District paid for Praiser's insurance benefits on a prorated basis and allowed him to pay the difference.

In November 1999, Praiser filed a petition for writ of mandate. He alleged that Article XIX violates section 44922 because it requires him to pay a portion of the health insurance premiums he would not have to pay if he were a full-time employee. To avoid losing these insurance benefits, Praiser has continued to pay a portion of the health insurance premiums to keep those benefits in effect. Praiser requested a writ of mandate compelling District to pay the insurance premiums to the same extent as if he had remained in full-time employment, and to reimburse him for the premiums he has paid. Praiser also requested his attorney fees.

The trial court denied Praiser's petition for writ of mandate "in its entirety." The court found that section 44922(e) "permits [District] to provide part-time certificated employees, on a prorated basis, the same health benefits provided to full-time employees."

## DISCUSSION

At the center of this dispute is the meaning of section 44922(e). This presents a question of statutory interpretation for us to determine independently.[2]

■  The objective of statutory interpretation is to ascertain the Legislature's intent to effectuate the law's purpose.[3] In determining intent, we look first to the statute's words and give them their usual and ordinary meaning.[4] When the language is unambiguous, there is no need for judicial construction.[5] When the language is susceptible of more than one reasonable interpretation, however, we look to a variety of extrinsic aids, including the statutory scheme of which the statute is a part, the legislative history, and the ostensible objects to be achieved.[6]

Section 44922 provides in part:

"Notwithstanding any other provision, the governing board of a school district or a county superintendent of schools may establish regulations

---

[2]*Rudd v. California Casualty Gen. Ins. Co.* (1990) 219 Cal.App.3d 948, 951 [268 Cal.Rptr. 624].

[3]*White v. Ultramar, Inc.* (1999) 21 Cal.4th 563, 572 [88 Cal.Rptr.2d 19, 981 P.2d 944] (*White*); *Department of Fish & Game v. Anderson-Cottonwood Irrigation Dist.* (1992) 8 Cal.App.4th 1554, 1562 [11 Cal.Rptr.2d 222] (*Anderson-Cottonwood*), quoting *People v. Woodhead* (1987) 43 Cal.3d 1002, 1007-1008 [239 Cal.Rptr. 656, 741 P.2d 154].

[4]*White, supra,* 21 Cal.4th at page 572; *Anderson-Cottonwood, supra,* 8 Cal.App.4th at page 1562.

[5]*Anderson-Cottonwood, supra,* 8 Cal.App.4th at page 1562.

[6]*Anderson-Cottonwood, supra,* 8 Cal.App.4th at page 1562.

which allow their certificated employees to reduce their workload from full-time to part-time duties.

"The regulations shall include, but shall not be limited to, the following, if the employees wish to reduce their workload and maintain retirement benefits pursuant to Section 22724 of this code or Section 20815 of the Government Code:

"(a) The employee shall have reached the age of 55 prior to reduction in workload.

"(b) The employee shall have been employed full time in a position requiring certification for at least 10 years of which the immediately preceding five years were full-time employment.

"(c) During the period immediately preceding a request for a reduction in workload, the employee shall have been employed full time in a position requiring certification for a total of at least five years without a break in service. . . .

"(d) The option of part-time employment shall be exercised at the request of the employee and can be revoked only with the mutual consent of the employer and the employee.

"*(e) The employee shall be paid a salary which is the pro rata share of the salary he or she would be earning had he or she not elected to exercise the option of part-time employment but shall retain all other rights and benefits for which he or she makes the payments that would be required if he or she remained in full-time employment.*

"*The employee shall receive health benefits as provided in Section 53201 of the Government Code in the same manner as a full-time employee.*

"(f) The minimum part-time employment shall be the equivalent of one-half of the number of days of service required by the employee's contract of employment during his or her final year of service in a full-time position.

"(g) This option is limited in prekindergarten through grade 12 to certificated employees who do not hold positions with salaries above that of a school principal.

"(h) The period of this part-time employment shall include a period of time, as specified in the regulations, which shall be up to and include five

years for employees subject to Section 20815 of the Government Code or $10^7$ years for employees subject to Section 22724 of this code. [¶] . . . [¶]"

██ Under the part-time employment authorized by section 44922, the part-time employee is to be paid a prorated salary, but is to retain all other rights and benefits as long as he makes the payments for those rights and benefits that would be required if he were still a full-time employee. If he would not have to make any payments for those rights and benefits as a full-time employee (i.e., if the employer pays in full for those rights and benefits), he does not have to make any payments as a part-time employee under section 44922.

██ The second paragraph of section 44922(e) states "The employee shall receive health benefits *as provided in Section 53201 of the Government Code* in the same manner as a full-time employee." (Italics added.) The italicized phrase provides the cornerstone of District's argument that Article XIX specifically governs here.

Subdivision (a) of Government Code section 53201 provides in relevant part that "The legislative body of a local agency [including a school district], *subject to conditions as may be established by it,* may provide for any health and welfare benefits for the benefit of its officers, employees, retired employees, and retired members of the legislative body . . . , who elect to accept the benefits and who authorize the local agency to deduct the premiums, dues, or other charges from their compensation, to the extent that the charges are not covered by payments from funds under the jurisdiction of the local agency as permitted by [Government Code] Section 53205." (Italics added.)

District notes in its brief that section 44922(e) requires the District to provide part-time employees with "health benefits <u>as provided in Section 53201 of the Government Code</u> in the same manner as a full[-]time employee." (Underscoring in District's brief.) District further notes that ". . . Government Code [section] 53201(a) permits the District, '<u>subject to conditions as may be established by it</u>,' to 'provide for any health and welfare benefits for the benefit . . . of its officers [and] employees . . . <u>who elect to accept the benefits **and** who authorize the local agency to deduct the premiums, dues or other charges from their compensation</u> . . . .' " (Underscoring and boldface in District's brief.) From this District argues, ". . . Government Code [section] 53201(a) specifically allows the District to establish 'conditions' for the provision of health insurance benefits to its employees."

District claims that Article XIX establishes those "conditions" authorized by Government Code section 53201, subdivision (a) by specifying that a

---

[7] Section 44922, italics added.

"certificated employee granted a reduced services employment contract [which encompasses section 44922] will be afforded on a prorated basis the same major medical, dental and vision plan provided regular employees of the District and shall have the right to pay the balance of the cost of insurance premiums not paid by the District . . . ."

District bolsters its argument by noting that Government Code section 53205, referenced in Government Code section 53201, subdivision (a), states in relevant part that "From funds under its jurisdiction, the legislative body [including the governing board of a school district] 'may authorize payment of all, or such portion as it may elect, of the premiums, dues, or other charges for health and welfare benefits of officers [and] employees . . .' subject to its jurisdiction." (Underscoring in District's brief.)

There is a fundamental flaw, however, in the District's reading of section 44922(e)'s reference to Government Code section 53201. Government Code section 53201 is a general statute that simply authorizes local agencies (counties, cities, school districts, districts, municipal corporations, political subdivisions, public corporations or other public agencies of the state) to offer health and welfare benefits to their employees, if they choose to do so; Government Code section 53205 is a general statute that simply sets forth how the cost of those benefits can be allocated as between the local agency and the employee.[8] Section 44922(e) states in part that the section 44922 part-time employee "shall retain all other rights and benefits for which he or she makes the payments that would be required if he or she remained in full-time employment," and "shall receive health benefits as provided in Section 53201 of the Government Code in the same manner as a full-time employee." Thus, Government Code section 53201's relevance in the section 44922 scheme is simply that if a particular school district chooses to offer its employees health benefits, the section 44922 part-time employee in that district will receive health benefits in the same manner as a full-time employee as long as the part-time employee makes the health benefit payments that would be required of him if he had remained a full-time employee. If no such payments would be required of him as a full-time employee, no such payments are required of him as a section 44922 part-time employee. In this way, the section 44922 part-time employee receives health benefits in the same manner as a full-time employee, i.e., subject to the conditions established by the district for the receipt of full-time health benefits.

District's reading of Government Code section 53201's placement in section 44922(e) would leave section 44922(e) trumped by "conditions" set

---

[8]See title 5, division 2, article 1 of the Government Code, section 53200 et seq.

forth in a collective bargaining agreement. That cannot happen. A companion provision to section 44922, section 44924, provides, with certain exceptions not applicable here, that "any contract or agreement, express or implied, made by any employee to waive the benefits of this chapter or any part thereof is null and void." Section 44924 was at issue in *United Teachers— L.A. v. Los Angeles Unified School Dist.*, where the court stated that since section 44924 specifies that employees may not waive the benefits of section 44922, the mandatory provisions of section 44922 granting employees additional benefits prevail over conflicting regulations in the parties' collective bargaining agreement.[9] *United Teachers* added: "[S]ection 44922 specifies that while adoption of a part-time program may initially be a matter of discretion with the district, once such a plan is adopted, the official body has no discretion to alter regulations the statutes make mandatory."[10]

Furthermore, District's reading of section 44922(e) and Government Code section 53201 contravenes the settled principle of statutory interpretation that a " 'specific provision relating to a particular subject will govern in respect to that subject [i.e., section 44922(e)], as against a general provision [i.e., Government Code section 53201], although the latter, standing alone, would be broad enough to include the subject to which the more particular provision relates.' "[11]

With its laser-like focus on the section 44922(e) phrase "as provided in Section 53201 of the Government Code," the District, in the end, reads out of section 44922(e) the critical phrases "shall retain all other rights and benefits for which he or she makes the payments that would be required if he or she remained in full-time employment" and "shall receive health benefits . . . in the same manner as a full-time employee." Our reading of Government Code section 53201's placement in section 44922(e) allows all three of these phrases to function according to the purposes of these statutes.

District's argument that section 44922 part-time employees "earn, on [a] prorated basis, the same salary and benefits as full-time employees" is misplaced. Section 44922(e) does not apply proration to salary *and* benefits, which it could easily do; instead, the section expressly distinguishes between the payment of a prorated "salary," and the retention of "all other rights and benefits" as if the section 44922 part-time employee remained in full-time employment. And District's assertion, citing section 44922(e), that District

---

[9]*United Teachers—L.A. v. Los Angeles Unified School Dist.* (1994) 24 Cal.App.4th 1510, 1517-1520 [29 Cal.Rptr.2d 897] (*United Teachers*).

[10]*United Teachers, supra,* 24 Cal.App.4th at page 1516.·

[11]*San Francisco Taxpayers Assn. v. Board of Supervisors* (1992) 2 Cal.4th 571, 577 [7 Cal.Rptr.2d 245, 828 P.2d 147], quoting *Rose v. State of California* (1942) 19 Cal.2d 713, 724 [123 P.2d 505].

"*provides* health benefits to part-time employees, on a prorated basis, 'in the same manner as a full-time employee' " is also misplaced. (Italics added to District's brief.) Section 44922(e) states that the section 44922 part-time employee "shall *receive* health benefits . . . in the same manner as a full-time employee." (Italics added.) It cannot be said that a section 44922 part-time employee who receives prorated health benefits "receive[s] health benefits . . . in the same manner as a full-time employee" whose health benefits are not prorated.

A look at the statutory scheme of which section 44922 is a part supports our interpretation as well. Section 44922 is part of a scheme that governs compensation and benefits for experienced teachers who are at least 55 years old and who wish to work part-time. Section 44922's introductory paragraphs state in relevant part that, "Notwithstanding any other provision, . . . a school district . . . may establish regulations which allow their certificated employees to reduce their workload from full-time to part-time duties. [¶] The regulations shall include . . . the following, if the employees wish to reduce their workload and maintain retirement benefits pursuant to [former] Section 22724 of this code or [former] Section 20815 of the Government Code[.]"

Former section 22724 (now § 22713) allows school districts to establish a program whereby an experienced teacher who is at least 55 years old can reduce his workload from full-time to part-time, and still receive the retirement service credit he would have received if he had been employed full-time; in addition, he can have his retirement allowance, as well as other specified benefits, calculated pursuant to the salary he would have received if he had been employed full-time. This program requires the teacher and the employer to contribute to the retirement fund the amount that would have been contributed if the teacher had been employed full-time. Former Government Code section 20815 (now Gov. Code, § 20900) sets forth a similar program for academic employees of the California State University system, and includes certain certificated school district employees as well.

Thus, former section 22724 (now § 22713) and former Government Code section 20815 (now Gov. Code, § 20900) coordinate with section 44922 and support our interpretation of that section. The Legislature has offered an inducement under section 44922 to certificated employees to become part-time employees if they are at least 55 years old and otherwise qualify—they will be paid a prorated salary, but they will retain and receive full-time rights and benefits so long as they make the payments for those rights and benefits that would be required of them had they remained in full-time employment.

The legislative history supports our view of section 44922(e) too.[12] That history covers Assembly Bill No. 3339 (1973-1974 Reg. Sess.) and describes the substantively identical statute that preceded section 44922,[13] and the referenced former statute on retirement credit and allowance,[14] in the following pertinent terms: "Permits certificated employees of school districts and academic teaching employees of the CSUC to receive a full year of retirement credit for part-time teaching under specified conditions. *Such an employee would receive health benefits in the same manner as a full-time employee.* The governing body is empowered to establish regulations governing such a program. The regulations shall include, but are not limited to the following: [¶] . . . [¶] 4. The employee's salary must be a pro rata share of his salary had he elected to remain full-time. [¶] 5. Employer and employee contributions are the same as if he were employed full-time. . . ."[15] That history also states that "AB 3339 would amend [the] Public Employees' Retirement Law, the State Teachers' Retirement Law, and the State Education Code to permit certain full-time employees to work on a part-time basis *and allow full retirement credit and benefits for such service.*"[16]

Finally, our interpretation of section 44922(e) aligns with the ostensible objects to be achieved. Section 44922 envisions the gradual withdrawal of older, higher salaried, experienced teachers and the gradual introduction of younger, lower salaried, inexperienced teachers to take their place.[17] If the older teachers do not retain their full health benefits, at a time when those benefits become increasingly important, it would significantly diminish their incentive to gradually withdraw. District sees the "sky falling" from our interpretation, claiming that "if this Court were to hold that the District must pay health insurance benefits for part-time employees at the same rate as full-time employees, the financial consequences to the District could be devastating." There are at least three problems with this claim, however: first, section 44922 does not encompass all part-time employees, but only a narrow slice of them; second, the section 44922 program is optional with

---

[12]We deny Praiser's motion to take judicial notice of certain items in the legislative history. We have obtained our own copy of that history.

[13]Former section 13337.7, Statutes 1974, chapter 1367, section 1, page 2960.

[14]Former section 14009, Statutes 1974, chapter 1367, section 2, pages 2960-2961.

[15]Senate Committee on Education, Staff Analysis of Assembly Bill No. 3339 (1973-1974 Reg. Sess.) as amended August 8, 1974, pages 1-2, italics added.

[16]Assembly Retirement Committee, Analysis of Assembly Bill No. 3339 (1973-1974 Reg. Sess.), as amended April 30, 1974, italics added.

[17]Department of Finance, Enrolled Bill Report on Assembly Bill No. 3339 (1973-1974 Reg. Sess.) September 12, 1974, pages 1-2; State Teachers' Retirement System, Department of Agriculture and Services Enrolled Bill Report on Assembly Bill No. 3339 (1973-1974 Reg. Sess.) September 5, 1974, pages 1-2.

school districts; and third, the legislative history recognizes there could be cost *savings* premised on the salary factor.[18]

We conclude that under section 44922(e), Praiser is entitled to retain and receive the insurance benefits accorded to full-time employees as long as he makes the benefit payments that would be required of him if he were a full-time employee; if Praiser would not have to make benefit payments as a full-time employee, he need not make them as a section 44922 part-time employee.

### DISPOSITION

The judgment is reversed. The matter is remanded to the trial court to determine the appropriate remedies consistent with this opinion. Praiser is awarded his costs on appeal.

Nicholson, J., and Callahan, J., concurred.

Respondents' petition for review by the Supreme Court was denied May 23, 2001.

---

[18]See footnote 17, *ante.*