[No. G038589. Fourth Dist., Div. Three. Nov. 27, 2007.]

DERRICK McCOY, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
KIMCO STAFFING SERVICES, INC., Real Party in Interest.

**Counsel**

Spiro Moss Barness and Gregory N. Karasik for Petitioner.

No appearance for Respondent.

Paul, Hastings, Janofsky & Walker, Stephen L. Berry and Julie D. Schisler for Real Party in Interest.

**Opinion**

**RYLAARSDAM, J.**—Petitioner Derrick McCoy (plaintiff) asks us to reverse an order striking portions of his complaint seeking waiting time penalties for late payment of wages as barred by the one-year statute of limitations in Code of Civil Procedure section 340, subdivision (a) (section 340(a)). He argues that, pursuant to Labor Code section 203 (section 203), when an action seeks waiting time penalties only, the statute of limitations is the same as when a plaintiff sues for both back wages and penalties, which in this case, he contends, is four years. We determine that when a suit seeks only waiting time penalties, the one-year statute under section 340(a) governs.

### FACTS AND PROCEDURAL HISTORY

Plaintiff's complaint alleges he was an employee of real party in interest Kimco Staffing Services, Inc. (defendant), an agency that provides temporary employees. He is the lead plaintiff in a putative class action seeking waiting time penalties under section 203 for defendant's alleged failure to timely pay final wages on completion of temporary work assignments in violation of Labor Code sections 201 and 202. The complaint alleges that, instead of paying plaintiffs upon discharge or within 72 hours of resignation, defendant paid them on the next scheduled pay day. Plaintiff is not suing for the underlying wages; he admits those were paid.

Defendant filed a motion to strike those portions of the complaint alleging the waiting time penalties were due for the four-year period prior to the filing of the complaint. It maintained the governing statute of limitations was one year pursuant to section 340(a).

The court agreed with defendant, finding that because plaintiff sued for waiting time penalties only and not wages, section 203 did not apply. Since the Labor Code does not contain a statute of limitations for an action seeking those penalties alone, section 340(a), the general one-year statute of limitations for penalties, controlled.

## DISCUSSION

### 1. *Introduction*

Section 203 provides: "If an employer willfully fails to pay . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days. . . . [¶] Suit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise." The issue in this petition revolves around the meaning of the last sentence.

■ In interpreting a statute, the court must " 'ascertain the intent of the Legislature so as to effectuate the purpose of the law. [Citation.] Because the statutory language is generally the most reliable indicator of that intent, we look first at the words themselves, giving them their usual and ordinary meaning.' [Citation.]" (*People v. Wright* (2006) 40 Cal.4th 81, 92 [51 Cal.Rptr.3d 80, 146 P.3d 531].) "If the statutory language is unambiguous, 'we presume the Legislature meant what it said, and the plain meaning of the statute governs.' [Citation.]" (*Whaley v. Sony Computer Entertainment America, Inc.* (2004) 121 Cal.App.4th 479, 485 [17 Cal.Rptr.3d 88].) But where the language is susceptible to more than one meaning, we must engage in statutory construction (*Downen's, Inc. v. City of Hawaiian Gardens Redevelopment Agency* (2001) 86 Cal.App.4th 856, 860 [103 Cal.Rptr.2d 644]), "look[ing] to a variety of extrinsic aids, including the statutory scheme of which the statute is a part, the legislative history, and the ostensible objects to be achieved." (*Praiser v. Biggs Unified School Dist.* (2001) 87 Cal.App.4th 398, 401 [104 Cal.Rptr.2d 551], fn. omitted.)

Both parties argue that the statute is clear on its face and we need not resort to extrinsic aids to determine its meaning. The interpretations the parties ascribe to it, however, differ. These disputes support a conclusion section 203 is susceptible to more than one meaning.

Defendant maintains that in an action where only penalties are sought, section 340(a), the usual statute of limitations for statutory penalties, applies. It provides a one-year limit, unless the statute imposing the penalty sets out a different period. (§ 340(a).)

Plaintiff contends the statute of limitations in section 203 applies to any action for penalties, regardless of whether there is also a claim "for the wages from which the penalties arise." He points to Code of Civil Procedure section 312, which directs: "Civil actions, without exception, can only be commenced within the periods prescribed in this title [setting out the general statutes of limitations], after the cause of action shall have accrued, unless where, in special cases, a different limitation is prescribed by statute." Plaintiff asserts that section 203 is "one of these 'special cases' " that contains its own statute of limitations, thereby supplanting section 340.

We agree with plaintiff to the extent the period set out in section 203 applies to actions for waiting time penalties sought in conjunction with back wages. But for suits seeking penalties alone, the objective of section 203, the legislative intent, and the common sense meaning of the section's language persuade us defendant's interpretation is correct.

## 2. Interpretation of Section 203

As both parties agree, the purpose of section 203 is to ensure that an employer pays wages promptly. (*Smith v. Superior Court* (2006) 39 Cal.4th 77, 82 [45 Cal.Rptr.3d 394, 137 P.3d 218]; see also Cal. Dept. Industrial Relations, Enrolled Bill Rep. on Sen. Bill No. 1071 (1997–1998 Reg. Sess.) July 10, 1997, p. 2 [discussing most recent amendment of § 203 to include agricultural workers within its purview, "purpose of . . . § 203 is to compel the prompt payment of earned wages"].)

Provision for a waiting time penalty serves as an inducement to pay wages timely. Allowing for recovery of such a penalty as part of an action for payment of back wages is consistent with that intent. Within this framework, making the statute of limitations coincident for both the wages and the penalty furthers the statute's purpose. It would be unwieldy if an employee were required to bring an action for the penalties within one year but have a longer time to sue for unpaid wages, although litigants are often faced with such conflicting deadlines in other civil actions. But the language of the

statute, i.e., that suit for penalties may be filed before expiration of the statute of limitations "on *an action for the wages* from which the penalties arise" (italics added), and its intent make clear that the concurrent statute of limitations for wages and penalties was enacted more for an employee's convenience than for the purpose of establishing a time to independently recover a penalty without regard to whether and when the back wages were paid.

Plaintiff contends that construing the statute of limitations in section 203 to apply to actions only where both back wages and a penalty are sought "allows two different limitations periods to exist for one cause of action based on events unrelated to the cause of action." He points to the general rule that a statute of limitations begins to run on the date the cause of action accrues. (*Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 806 [27 Cal.Rptr.3d 661, 110 P.3d 914].) He asserts the period could change based on an employer's belated payment of wages. He postulates that, assuming a three-year statute of limitations for a wage claim, if an employee does not sue within the first year and an employer then pays the back wages after that one-year period, the employee loses the right to sue for the penalties. Plaintiff maintains this gives an employer incentive to delay payment until after a year has expired.

This argument has several flaws. First, it ignores the purpose of the penalty, to compel speedy payment of the wages, not to provide for a penalty independent of the wage claim. (*Oppenheimer v. Sunkist Growers* (1957) 153 Cal.App.2d Supp. 897, 899 [315 P.2d 116] [" 'The primary intent of [section 203] is not to secure the payment of a penalty . . . .' "].) That the overarching purpose of the statute is not to provide for a penalty is emphasized by the limit on the penalty itself. Wages continue as a penalty only until the date the back wages are paid or an action to recover them is filed, but not for more than 30 days, regardless of how long the employer waits to pay the back wages. Had the Legislature sought to impose a penalty qua penalty, it would not have capped it after such a short period of time.

Second, the argument is illogical within the context of section 203. If an employer waits to pay wages beyond one year, he is subject to a longer statute of limitations for the penalty than if he pays sooner before a wage claim is filed. This fulfills the purpose of section 203, prompt payment of wages. Being subject to a penalty no matter when back wages are paid is actually a disincentive to pay promptly; there is no benefit in doing so.

Third, there is no suggestion in the statute that the Legislature was concerned with plaintiff's hypothetical course of events. In interpreting statutes we may look to what the Legislature considered the "evils to be

remedied." (*Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094, 1105 [56 Cal.Rptr.3d 880, 155 P.3d 284].) In addition, " '[i]t is a settled principle of statutory construction that a Legislature in legislating with regard to an industry or an activity . . . must be regarded as having had in mind the actual conditions to which the act will apply; that is, the customs and usages of such industry or activity.' [Citation.]" (*Wolski v. Fremont Investment & Loan* (2005) 127 Cal.App.4th 347, 353 [25 Cal.Rptr.3d 500].) There is no evidence the scenario plaintiff presents is customary.

A different hypothetical is more illustrative of the statute's meaning. Assume an employer paid wages five days or even 31 days after they were due. It is not reasonable to assume the Legislature intended an employee would be able to wait for three or four years to sue for the associated waiting time penalty instead of within one year pursuant to section 340(a). Our construction reflects the public policy of statutes of limitations to ensure "prompt assertion of known claims." (*Beal Bank, SSB v. Arter & Hadden, LLP* (2007) 42 Cal.4th 503, 512 [66 Cal.Rptr.3d 52, 167 P.3d 666].) Moreover, as defendant points out, the Legislature is presumed to have been aware of section 340 when it enacted section 203. (*Wirth v. State of California* (2006) 142 Cal.App.4th 131, 140 [47 Cal.Rptr.3d 623].) Had it wished to provide a longer period for actions claiming only penalties, it easily could have done so.

For the same reasons we reject plaintiff's claims our interpretation allows an employer to use the one-year statute as an offensive weapon or that it promotes unfairness such that an employer should be estopped from relying on it.

Likewise we do not agree that applying the one-year statute of limitations to actions for waiting time penalties only deprives plaintiff of a remedy. The remedy intended by section 203 is prompt payment of wages and the penalty is only an inducement. Once 30 days have elapsed and wages have not been paid the incentive is lost. Allowing another three or four years' time to sue for the penalty does nothing to ensure promptness.

Plaintiff contends section 203 should be narrowly construed to avoid forfeiture of an employee's rights. The way to do this, he posits, is to interpret the statute such that the compensation denominated a penalty is not really a penalty but is in fact a wage, thus somehow bringing it within the section 203 statute of limitations. This claim falls of its own weight.

Preliminarily, plaintiff's interpretation, which completely changes the meaning of a word, cannot be considered narrow. Moreover the statute specifically and plainly labels the penalty as such and cases have confirmed

the meaning. (See, e.g., *Murphy v. Kenneth Cole Productions, Inc., supra*, 40 Cal.4th at pp. 1108–1109 ["section 203 establishes that the unpaid wages continue to accrue as a 'penalty' "]; *Caliber Bodyworks, Inc. v. Superior Court* (2005) 134 Cal.App.4th 365, 378 [36 Cal.Rptr.3d 31] [employee not paid on discharge may be entitled to wages and "the statutory penalty provided by section 203"]; *Mamika v. Barca* (1998) 68 Cal.App.4th 487, 493 [80 Cal.Rptr.2d 175] ["proper reading of section 203 mandates a penalty equivalent to the employee's daily wages for each day he or she remained unpaid up to a total of 30 days"].) There is no basis for engaging in an extended construction of the term. The use of the term in this statute is clear and unambiguous, thereby ending our inquiry. (*Murphy v. Kenneth Cole Productions, Inc., supra*, 40 Cal.4th at p. 1103.)

In something of a contrast, plaintiff also argues the statute should be liberally construed to protect employees. While we agree this is a general statement of the law (*Murphy v. Kenneth Cole Productions, Inc., supra*, 40 Cal.4th at p. 1103), we do not concur with plaintiff's proposed application to the facts here. He maintains that the language "an action for the wages from which the penalties arise" means that the section 203 limitations period applies where an action " '*could have been brought* to recover wages.' " (Underscoring omitted, italics added.)

■ This construction violates rules of statutory interpretation. "We may not add language to a statute that is not otherwise present. [Citation.]" (*City and County of San Francisco v. International Union of Operating Engineers, Local 39* (2007) 151 Cal.App.4th 938, 945 [60 Cal.Rptr.3d 516]; see also *Wolski v. Fremont Investment & Loan, supra*, 127 Cal.App.4th at pp. 352–353 ["our function 'is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted, or to omit what has been inserted' "].) If the Legislature had wanted to enact the statute with that meaning, it easily could have done so. (*California Fed. Savings & Loan Assn. v. City of Los Angeles* (1995) 11 Cal.4th 342, 349 [45 Cal.Rptr.2d 279, 902 P.2d 297].)

In support of his interpretation, plaintiff relies on *Murphy v. Kenneth Cole Productions, Inc., supra*, 40 Cal.4th 1094, where the court was called upon to construe Labor Code section 226.7. That section states that if an employee is not provided required meal or rest time, "the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day" a meal or rest break was not provided. (Lab. Code, § 226.7, subd. (b).) The question was whether the payment was a wage, which was subject to a three-year statute of limitations, or a penalty controlled by the one-year period in section 340(a). (*Murphy v. Kenneth Cole Productions, Inc., supra*, 40 Cal.4th at p. 1099.) After an extended analysis of

the language of the statute and the legislative intent, and a survey of other statutes and cases that had considered the meanings of the words wage and penalty, the court determined the payment was a wage. (*Id.* at p. 1114.)

In reaching its conclusion, the court referred to section 203, noting that the Legislature understood "it could, if it so desired, trigger a one-year statute of limitations by labeling a remedy a penalty. . . . Knowing that remedies constituting penalties are typically governed by a one-year statute of limitations, the Legislature expressly provided that a suit seeking to enforce the section 203 penalty would be subject to the same three-year statute of limitations as an action to recover wages. [Citation.]" (*Murphy v. Kenneth Cole Productions, Inc., supra*, 40 Cal.4th at pp. 1108–1109.) Like the trial judge, we are not persuaded by plaintiff's claim this dictates the one-year statute does not apply where an employees sues only for waiting time penalties.

■ First, the statement is dicta. As plaintiff acknowledges, *Murphy* was not interpreting section 203. Furthermore, the language does not purport to distinguish between an action where both wages and a waiting time penalty are sought as opposed to one for penalties only, as is the case here. "An appellate decision is not authority for everything said in the court's opinion but only 'for the points actually involved and actually decided.' [Citations.]" (*Santisas v. Goodin* (1998) 17 Cal.4th 599, 620 [71 Cal.Rptr.2d 830, 951 P.2d 399].)

We also reject plaintiff's argument that even if section 203 does not apply, it does not a priori mean section 340(a) does. The Labor Code does not contain a statute of limitations for a waiting time penalty. Thus we turn to section 340(a), the generally applicable statute of limitations for penalties. Section 203 was enacted to give employees additional time to sue for waiting time penalties when they also bring an action for late wages. Nothing in the statute otherwise negates the one-year period in section 340(a).

■ In sum, the trial court was correct when it struck the allegations seeking waiting time penalties for longer than one year before the date the complaint was filed.

Because we determine that the statute of limitations in section 203 does not apply to actions where only waiting time penalties are sought, there is no need for us to discuss plaintiff's suggested four-year statute.

## DISPOSITION

The petition is denied. Real party in interest shall recover its costs.

Sills, P. J., and Ikola, J., concurred.

Petitioner's petition for review by the Supreme Court was denied February 13, 2008, S159505.