[No. S170758. Nov. 18, 2010.]

JORGE A. PINEDA, Plaintiff and Appellant, v.
BANK OF AMERICA, N.A., Defendant and Respondent.

COUNSEL

Spiro Moss Barness, Spiro Barness and Gregory N. Karasik for Plaintiff and Appellant.

Paul, Hastings, Janofsky & Walker, Paul W. Cane, Jr., Stephen P. Sonnenberg, Thomas E. Geidt, Maria A. Audero, Heather N. Mitchell and Jeffrey P. Michalowski for Defendant and Respondent.

Orrick, Herrington & Sutcliffe, Gary S. Siniscalco, Patricia K. Gillette, Andrew R. Livingston and Greg J. Richardson for California Employment Law Council as Amicus Curiae on behalf of Defendant and Respondent.

Jones Day, Richard S. Ruben, Craig E. Stewart and Harry I. Johnson III for Ralphs Grocery Company as Amicus Curiae on behalf of Defendant and Respondent.

OPINION

MORENO, J.—When an employee is terminated or resigns from his or her employment, final wages are generally due and payable immediately. (Lab.

Code, §§ 201, 202.)[1] Section 203 provides that, if an employer willfully fails to timely pay final wages, "the wages of the employee shall continue *as a penalty* from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." (§ 203, subd. (a), italics added (hereafter section 203(a)).) A one-year statute of limitations typically governs actions to recover penalties (Code Civ. Proc., § 340, subd. (a)), but section 203 further provides that an employee may sue for "these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise." (§ 203, subd. (b) (hereafter section 203(b)); see *Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094, 1109 [56 Cal.Rptr.3d 880, 155 P.3d 284] (*Murphy*) ["[T]he Legislature expressly provided that a suit seeking to enforce the section 203 penalty would be subject to the same . . . statute of limitations as an action to recover wages."].)

This case asks us to resolve two issues: First, does a different statute of limitations apply when an employee seeks to recover *only* section 203 penalties (because, as in this case, final wages were paid—albeit belatedly— prior to the filing of the action), as opposed to when an employee seeks *both* final wages *and* penalties? Second, are section 203 penalties recoverable as restitution under California's unfair competition law (UCL) (Bus. & Prof. Code, § 17200 et seq.)? Our answer to both questions is "no." Section 203(b) sets forth a single limitations period governing all actions to recover section 203 penalties regardless of whether an employee seeks both unpaid wages and penalties or penalties alone. Further, section 203 penalties are not recoverable as restitution under the UCL because employees have no owner-ship interest in the funds. We accordingly reverse the Court of Appeal's contrary judgment and remand for further proceedings.

## FACTS AND BACKGROUND

Plaintiff Jorge A. Pineda was employed by defendant Bank of America, N.A.[2] He gave two weeks' notice of his resignation, which occurred on May 11, 2006. Defendant did not pay plaintiff his final wages on his last day, as required under section 202, but instead paid him on May 15, four days late.

Plaintiff filed this action on October 22, 2007, seeking to represent a class of former Bank of America employees whose final wages were untimely paid. The complaint asserts two causes of action. The first alleges defendant failed to timely pay plaintiff and class members final wages as required by section

---

[1] All subsequent unlabeled statutory references are to the Labor Code unless otherwise indicated.

[2] The factual and procedural history is largely taken from the Court of Appeal opinion.

201 (applying to employees who are terminated) or section 202 (applying to employees who quit) and seeks penalties pursuant to section 203. Plaintiff's second cause of action alleges defendant's failure to timely pay final wages violates the UCL, and seeks restitution of unpaid section 203 penalties.

The trial court granted defendant's motion for judgment on the pleadings. It concluded that a one-year statute of limitations (Code Civ. Proc., § 340, subd. (a)) applies when, as in this case, an employee files an action seeking only section 203 penalties (as opposed to an action seeking unpaid wages *and* § 203 penalties); thus, the trial court concluded, the time for plaintiff to file his action had expired. The trial court also concluded that section 203 penalties are not recoverable as restitution under the UCL. The trial court denied plaintiff leave to amend to substitute a new plaintiff in the first cause of action. The Court of Appeal affirmed in all respects. We granted plaintiff's petition for review.[3]

## DISCUSSION

### I. *Section 203(b) Governs All Actions for Section 203 Penalties*

 We first independently review the Court of Appeal's construction of section 203. (*Imperial Merchant Services, Inc. v. Hunt* (2009) 47 Cal.4th 381, 387 [97 Cal.Rptr.3d 464, 212 P.3d 736].) In doing so, "it is well settled that we must look first to the words of the statute, 'because they generally provide the most reliable indicator of legislative intent.' [Citation.] If the statutory language is clear and unambiguous our inquiry ends. 'If there is no ambiguity in the language, we presume the Legislature meant what it said and the plain meaning of the statute governs.' [Citations.] In reading statutes, we are mindful that words are to be given their plain and commonsense meaning. [Citation.]" (*Murphy, supra*, 40 Cal.4th at p. 1103.) Thus, we "avoid a construction that would produce absurd consequences, which we presume the Legislature did not intend. [Citations.]" (*People v. Mendoza* (2000) 23 Cal.4th 896, 908 [98 Cal.Rptr.2d 431, 4 P.3d 265].) "We have also recognized that statutes governing conditions of employment are to be construed broadly in favor of protecting employees. [Citations.]" (*Murphy*, at p. 1103; cf. *Smith v. Superior Court* (2006) 39 Cal.4th 77, 82 [45 Cal.Rptr.3d 394, 137 P.3d 218] (*Smith*) [purpose of § 203 is to compel prompt wage payment upon separation from employment].) We therefore begin our inquiry by reviewing the pertinent statutory language. While section 203 is obviously our primary focus, resolving this issue requires that we also be mindful of the statute's interplay with several relevant provisions located in the Code of Civil Procedure.

---

[3] Plaintiff does not seek review of the court's denial of leave to amend.

■ Section 203(a) provides: "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue *as a penalty* from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." (Italics added.) Code of Civil Procedure section 340, subdivision (a) provides that a one-year statute of limitations applies to "[a]n action upon a statute *for a penalty* or forfeiture . . . ." (Italics added.) Thus, if section 203(a) comprised the entire statute, a suit to recover its provided-for penalties would undoubtedly have to be filed within one year of the accrual of the cause of action.

■ However, Code of Civil Procedure section 312 acknowledges the Legislature can, if it so chooses, prescribe a different statute of limitations to govern specific civil actions.[4] To that end, section 203(b) provides, "Suit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise."
■ Actions for final wages not paid as required by sections 201 and 202 are governed by Code of Civil Procedure section 338, subdivision (a), which provides that a three-year statute of limitations applies to "[a]n action upon a liability created by statute, other than a penalty or forfeiture."

As we noted in *Murphy, supra,* 40 Cal.4th at page 1109, in enacting section 203(b) the Legislature obviously intended to alter the statute of limitations that would otherwise have applied to actions to recover section 203 penalties. Indeed, no one disputes that when an employee sues to recover both unpaid final wages and the resulting section 203 penalties, the suit is governed by the same three-year limitations period that would apply had the employee sued to recover only the unpaid wages. The disputed issue in this case is whether a different statute of limitations applies to an action to recover section 203 penalties when, as here, an employee sues to recover *only* section 203 penalties.

Plaintiff urges us to conclude the Legislature intended for a single statute of limitations—the one set forth in section 203(b)—to govern the filing of any and all suits for section 203 penalties, regardless of whether a claim for unpaid final wages accompanies the claim for penalties. He contends this is the only plausible construction of section 203, and his contention has merit. Absent explicit statutory language to the contrary, common sense would suggest that, where the Legislature has set forth a statute of limitations in one part of a statute, the prescribed limitations period governs the filing of actions

---

[4] Additionally, Code of Civil Procedure section 340, subdivision (a), itself provides that its one-year limitations period does not apply to an action for a penalty "if the statute imposing it prescribes a different limitation."

provided for in another part of the same statute. In providing when "[s]uit may be filed for [section 203] penalties" (§ 203(b)), the Legislature could have employed language unambiguously limiting the application of section 203(b)'s limitations period to those suits that seek both unpaid wages and penalties. For example, it could have provided that "[s]uit for unpaid final wages and these penalties may be filed at any time before . . . ." It did not.

Urging this court to adopt a contrary interpretation, defendant contends the Legislature *did* explicitly provide that an action to recover only section 203 penalties is not governed by section 203(b). Defendant relies on the phrase "action for the wages from which the penalties arise," arguing this language demonstrates the Legislature intended for section 203(b) to apply only when a claim for penalties is accompanied by a claim for unpaid final wages. Defendant reasons that when an employee sues for section 203 penalties alone because his or her final wages have been paid, albeit late, there is no "action for the wages from which the penalties arise" and section 203(b) is thus inapplicable. Accordingly, defendant concludes, the one-year limitations period that generally applies to actions for penalties controls. The Court of Appeal, relying on *McCoy v. Superior Court* (2007) 157 Cal.App.4th 225, 229–230 [68 Cal.Rptr.3d 483] (*McCoy*), adopted this reasoning. We conclude, however, that this is an unreasonable reading of the statutory language.

Defendant's interpretation misapprehends the purpose of the provision's reference to "the statute of limitations on an action for the wages from which the penalties arise." (§ 203(b).) The only plausible inference to be drawn is that the Legislature intended to ensure that the statute of limitations on an action for section 203 penalties tracks the statute of limitations governing actions for unpaid final wages. In so doing, the Legislature wanted to make certain employees would not face different limitations periods for claims that arise out of the same underlying facts, i.e., nonpayment of final wages, and that would usually, *but not always*, be asserted in the same suit. The language offers the additional benefit of maintaining consistency in the event of future statutory alteration. By generally referencing the statute of limitations for unpaid final wages, rather than specifically providing that section 203 penalties are governed by a three-year statute of limitations, the statute ensures that any changes by a future Legislature to the limitations period governing unpaid final wages would automatically change the limitations period governing section 203 penalties without any need to amend the statute.

Moreover, defendant's interpretation ignores the Legislature's grammatical choices—specifically, its use of definite and indefinite articles—in section 203(b). Use of the indefinite articles "a" or "an" signals a general reference, while use of the definite article "the" (or "these" in the instance of plural nouns) refers to a specific person, place, or thing. (Garner, The Redbook: A

Manual on Legal Style (2d ed. 2002) § 10.38, p. 173.) In section 203(b), the use of the definite article "the" before "statute of limitations" and the indefinite article "an" before "action for the wages" supports plaintiff's, rather than defendant's, construction. Section 203(b) reads: "Suit may be filed for these penalties at any time before the expiration of *the* statute of limitations on *an* action for the wages from which the penalties arise." (Italics added.) The italicized language suggests the Legislature was referring to the specific limitations period governing *any and all* suits for unpaid final wages, not a particular suit filed by an employee for unpaid final wages.[5] By contrast, had the Legislature used the definite article "the" before "action for the wages," as in "suit may be filed for these penalties at any time before the expiration of the statute of limitations on *the* action for the wages from which the penalties arise," it would suggest the Legislature was referring to a specific suit for unpaid final wages filed by an employee who seeks section 203 penalties as well.[6]

■ Finally, adopting defendant's interpretation would undermine the purposes of limitations periods. As we have recently explained, statutes of limitations serve a number of functions including "to prevent stale claims, give stability to transactions, protect settled expectations, promote diligence, encourage the prompt enforcement of substantive law, and reduce the volume of litigation. [Citations.]" (*Stockton Citizens for Sensible Planning v. City of Stockton* (2010) 48 Cal.4th 481, 499 [106 Cal.Rptr.3d 858, 227 P.3d 416].) To that end, a limitations period " 'necessarily fix[es]' a 'definite period[] of time' [citation]" (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 410 [87 Cal.Rptr.2d 453, 981 P.2d 79]) and begins to run when a cause of action has accrued, that is, when the cause " 'is complete with all of its elements.' [Citations.]" (*Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 806–807 [27 Cal.Rptr.3d 661, 110 P.3d 914]; see Black's Law Dict. (7th ed. 1999) p. 21, col. 2.)

Under defendant's construction, it is unclear what limitations period begins to run when a section 203 claim accrues, nor is it clear how fixed and definite the period is. An illustration reveals the problems with defendant's interpretation. Assume three employees: A, B, and C. All three leave their jobs on the same day and their employers fail to pay them their final wages as required by sections 201 and 202. A's employer never pays the owed wages and so A

---

[5] The use of both indefinite and definite articles in section 203 underscores that the Legislature's choice to use one as opposed to the other was deliberate and should be accorded significance.

[6] At oral argument, defense counsel noted a definite article precedes the word "wages" in section 203(b). This is true, but irrelevant. In determining the controlling limitations period, we are concerned with whether the Legislature was referring to a specific action for wages or to any and all actions for wages. Thus, it is the article preceding the word "action" in section 203(b) that is relevant.

can, anytime before three years have expired, timely file suit for both unpaid final wages and the 30 days of accumulated section 203 penalties. By contrast, B's employer pays the owed final wages, albeit six months late. As a result, no claim for unpaid wages remains and, under defendant's construction, the three-year limitations period that once would have governed B's available section 203 claim is now, six months after the statute of limitations began to run, a one-year limitations period. Finally, C's employer pays the final wages over a year after they were due. No claim remains for the now paid final wages and, as defense counsel acknowledged at oral argument, C would no longer have a claim for section 203 penalties, as more than a year has passed since the claim initially accrued.[7] Defendant's interpretation would, at best, lead to unwieldy and inconsistent results eroding the stability that statutes of limitations are intended to afford.[8] At worst, defendant's construction would risk permitting employers to "game the system" and control what limitations period governs their employees' section 203 claims. Absent explicit evidence to the contrary, we presume the Legislature did not intend such an absurd result. (See *Smith, supra*, 39 Cal.4th at p. 83.)

■ In light of the unambiguous statutory language, as well as the practical difficulties that would arise under defendant's interpretation, we conclude there is but one reasonable construction: section 203(b) contains a single, three-year limitations period governing all actions for section 203 penalties irrespective of whether an employee's claim for penalties is accompanied by a claim for unpaid final wages. We accordingly disapprove *McCoy v. Superior Court, supra*, 157 Cal.App.4th 225.

Even if defendant's interpretation constituted a plausible alternative reading of the statutory language, requiring us to examine extrinsic evidence of the Legislature's intent, such as legislative history, we would still conclude plaintiff's construction is the correct one. The Legislature first enacted a civil penalty provision similar to section 203 in 1915. (Stats. 1915, ch. 143, § 3, p. 299.) Like section 203, the 1915 act provided that, when an employer failed to timely pay final wages, the employee's wages would continue as a penalty until paid, up to 30 days. (Stats. 1915, ch. 143, § 3, p. 299.) In 1919,

---

[7] In *McCoy, supra*, 157 Cal.App.4th at page 230, the Court of Appeal dismisses this possibility, stating without elaboration that an employer's payment of final wages over a year late would "subject [the employer] to a longer statute of limitations for the penalty . . . ." Not so. A cause of action for section 203 penalties accrues when an employer fails to pay wages on an employee's final workday, *not* when the wages are actually, albeit belatedly, paid. (See *Fox v. Ethicon Endo-Surgery, Inc., supra*, 35 Cal.4th at pp. 806–807.)

[8] Indeed, consider a fourth instance in which D files suit for both unpaid final wages and section 203 penalties over a year after the claims accrued and, in response to being sued, D's employer pays the sought wages. As defense counsel conceded at oral argument, D's employer is now free to move to dismiss the claim for section 203 penalties because the action was filed after a year had passed and, now that the final wages have been paid, section 203(b) no longer applies.

the Legislature repealed the then existing law, but adopted essentially the same provisions in a new act. (Stats. 1919, ch. 202, § 5, p. 296; see *Smith, supra,* 39 Cal.4th at p. 87, fn. 4.) "At the time, the Bureau of Labor Statistics (BLS) was the agency that recommended and enforced such wage-related legislation. [Citation.]" (*Smith,* at p. 87.) For that reason, we have previously consulted its biennial reports "for whatever light they may shed regarding the purpose of the wage payment legislation. (See *People ex rel. Lungren v. Superior Court* (1996) 14 Cal.4th 294, 309 [58 Cal.Rptr.2d 855, 926 P.2d 1042] [although not necessarily controlling, the contemporaneous administrative construction of a statute by those charged with its enforcement and interpretation is entitled to great weight].)" (*Smith,* at p. 87.) The Bureau of Labor Statistics (BLS) biennial reports demonstrate the penalty provision was intended " 'to induce, if not to compel, the employer to keep faith with his employee' " and to rectify " 'a wrong which not only injures the employee but is an injury to the public in its tendency to deprive the public of an incidental benefit which comes from the employee's labor.' " (BLS, 20th Biennial Rep.: 1921–1922 (1923) p. 36.) The BLS's views confirm the penalty provision was seen as an important tool in ensuring prompt wage payment.

Then, in 1937, as part of the act establishing the Labor Code, section 203 was enacted.[9] (Stats. 1937, ch. 90, § 203, p. 197.) The first iteration of section 203 consisted of a single paragraph containing language virtually identical to that present in the current section 203(a).[10] In its original form, section 203 contained no reference to a statute of limitations and, thus, actions for its authorized penalties were governed by Code of Civil Procedure section 340, which then, as now, set forth a one-year statute of limitations for actions seeking penalties (Stats. 1929, ch. 518, § 1, p. 896). Thus, if an employer failed to timely pay final wages to an employee who quit or was fired,[11] the employee would have had one year to sue for the section 203 penalties but, under Code of Civil Procedure section 338, subdivision (a) (Stats. 1935, ch. 581, § 1, p. 1673), three years to sue for the unpaid final wages giving rise to the penalty.

---

[9] In 1927, the Legislature created the Department of Industrial Relations (DIR), shifting several agencies (including the BLS) under the DIR's auspices. (Stats. 1927, ch. 440, § 7, p. 736 as to the BLS.) The DIR was "invested with the power and [was] charged with the duty of administering and enforcing all laws" related to its divisions, including the BLS. (*Id.,* § 9, p. 737.)

[10] The differences, as relevant here, were minor, e.g., the original version used "wilfully" rather than "willfully," and spelled out "thirty."

[11] Like section 203, sections 201 and 202 were enacted in 1937 (Stats. 1937, ch. 90, §§ 201, 202, p. 197), imposing obligations on employers nearly identical to those imposed by the current versions of sections 201 and 202.

The Legislature subsequently amended section 203 in 1939 (Stats. 1939, ch. 1096, § 1, p. 3026), adding a second paragraph to the statute that, using language virtually identical to current section 203(b),[12] set forth a specific limitations period. It is reasonable to infer that the Legislature intended for the new language to eliminate the prior anomaly of related claims being governed by different limitations periods. While one could suppose, as the Court of Appeal did in *McCoy, supra*, 157 Cal.App.4th at page 233, that the Legislature was moved to act by instances of employees seeking penalties and unpaid final wages in the same action, there is no evidence the Legislature intended for the newly enacted limitations period to apply *only* in such an instance or that the Legislature intended for section 203 actions to be governed by varying limitations periods depending on what claims an employee brought.[13]

■ Finally, as we have acknowledged on multiple occasions, "[t]he public policy in favor of full and prompt payment of an employee's earned wages is fundamental and well established" and the failure to timely pay wages injures not only the employee, but the public at large as well. (*Smith, supra*, 39 Cal.4th at p. 82.) We have also recognized that sections 201, 202, and 203 play an important role in vindicating this public policy. (*Smith*, at p. 82; *Smith v. Rae-Venter Law Group* (2002) 29 Cal.4th 345, 360 [127 Cal.Rptr.2d 516, 58 P.3d 367].) To that end, the Legislature adopted the penalty provision as a disincentive for employers to pay final wages late. (See BLS, 20th Biennial Rep.: 1921–1922, *supra*, p. 36.) It goes without saying that a longer statute of limitations for section 203 penalties provides additional incentive to encourage employers to pay final wages in a prompt manner, thus furthering the public policy.

---

[12] The 1939 version used "such penalties" rather than "these penalties" as does the current version of section 203(b).

[13] Plaintiff cites the DIR's 1938–1939 annual report, which states the 1939 amendment to section 203 "extends the time within which suit may be filed for the collection of penalties imposed for non-payment of wages. In the past, a suit to collect such penalty had to be commenced within one year . . . . The present bill allows the same length of time for the collection of penalties for non-payment of wages as has always been allowed for the collection of wages themselves." (DIR, Annual Rep.: 1938–1939 (1939) [discussing Assem. Bill No. 2538 (1939–1940 Reg. Sess.)].) In determining what weight to accord an agency's construction, we consider " ' "the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control." ' [Citation.]" (*Hoechst Celanese Corp. v. Franchise Tax Bd.* (2001) 25 Cal.4th 508, 524 [106 Cal.Rptr.2d 548, 22 P.3d 324], italics omitted.) We conclude the report is entitled to little weight. Its discussion of the amendment is cursory and, more importantly, the report itself admits that most of the DIR's suggestions were largely ignored by the Legislature, casting doubt on the neutrality of the DIR's assertions regarding legislative intent.

In conclusion, in light of the statutory language, as well as extrinsic evidence of the Legislature's intent, including the legislative history and considerations of public policy, we hold that the limitations period prescribed in section 203(b) governs all actions seeking section 203 penalties regardless of whether the claim for penalties is accompanied by a claim for unpaid final wages.

## II. Section 203 Penalties Are Not Recoverable Under the UCL

We next consider whether an employee may recover section 203 penalties as restitution under the UCL. (Bus. & Prof. Code, § 17200 et seq.) Contrasting section 203 penalties with the unpaid wages that give rise to the penalties, the Court of Appeal concluded the answer is no. We agree.

■ The UCL prohibits "any unlawful, unfair or fraudulent business act or practice . . . ." (Bus. & Prof. Code, § 17200.) While private individuals can sue under the UCL (Bus. & Prof. Code, § 17204), courts can issue orders only to prevent unfair competition practices and "to restore to any person in interest any money or property . . . which may have been acquired by means of such unfair competition" (*id.*, § 17203). Thus, a private plaintiff's "remedies are ' "generally limited to injunctive relief and restitution." ' [Citations.]" (*Clark v. Superior Court* (2010) 50 Cal.4th 605, 610 [112 Cal.Rptr.3d 876, 235 P.3d 171].) With regard to restitution, the goal is to restore plaintiff to the status quo ante. (*Cortez v. Purolator Air Filtration Products Co.* (2000) 23 Cal.4th 163, 177 [96 Cal.Rptr.2d 518, 999 P.2d 706] (*Cortez*).) In explaining why section 203 penalties are not recoverable as restitution, it is first helpful to briefly discuss why unpaid wages *are* recoverable.

In *Cortez*, we held the plaintiff could seek restitution of unpaid overtime wages via the UCL. (*Cortez, supra*, 23 Cal.4th at p. 168.) We explained that, "[o]nce earned, those unpaid wages became property to which the employees were entitled." (*Ibid.*) Thus, it was of no import that the overtime wages had never been in the possession of the employees; "earned wages that are due and payable pursuant to section 200 et seq. of the Labor Code are as much the property of the employee who has given his or her labor to the employer in exchange for that property as is property a person surrenders through an unfair business practice." (*Id.* at p. 178.) "An order that earned wages be paid is therefore a restitutionary remedy authorized by the UCL." (*Ibid.*)

■ By contrast, permitting recovery of section 203 penalties via the UCL would not "restore the status quo by returning to the plaintiff funds in which he or she has an ownership interest." (*Korea Supply Co. v. Lockheed Martin Corp.* (2003) 29 Cal.4th 1134, 1149 [131 Cal.Rptr.2d 29, 63 P.3d 937].) Section 203 is not designed to compensate employees for work

performed. Instead, it is intended to encourage employers to pay final wages on time, and to punish employers who fail to do so.[14] In other words, it is the employers' action (or inaction) that gives rise to section 203 penalties. The vested interest in unpaid wages, on the other hand, arises out of *the employees'* action, i.e., their labor. Until awarded by a relevant body, employees have no comparable vested interest in section 203 penalties. We thus hold section 203 penalties cannot be recovered as restitution under the UCL.

## DISPOSITION

The judgment of the Court of Appeal is reversed and the matter is remanded for further proceedings consistent with our decision.

George, C. J., Kennard, J., Baxter, J., Werdegar, J., Corrigan, J., and Richli, J.,* concurred.

---

[14] Plaintiff suggests that, in addition to encouraging prompt payment of final wages, section 203 penalties serve to compensate employees for the injury caused by the late payment of final wages. Even if true, the penalties still could not be recovered via the UCL, as compensatory damages are not recoverable as restitution. (*Cortez, supra*, 23 Cal.4th at p. 173.)

*Associate Justice of the Court of Appeal, Fourth Appellate District, Division Two, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.