Filed 4/15/14  Goel v. Private Healthcare Systems CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| SANJIV GOEL, M.D., | B248153 |
| Plaintiff and Appellant, | |
| v. | (Los Angeles County Super. Ct. No. BC489137) |
| PRIVATE HEALTHCARE SYSTEMS, INC., et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County,

Joanne O'Donnell, Judge.  Affirmed.

Pick & Boydston and Brian D. Boydston for Plaintiff and Appellant.

Spile, Leff & Goor, Ari L. Markow and Michael J.T. Wilson; Baker Donelson

Bearman Caldwell & Berkowitz and Errol J. King for Defendants and Respondents.

Plaintiff and appellant Dr. Sanjiv Goel appeals from the judgment entered in favor of defendants and respondents Private Healthcare Systems, Inc. and Benefit Panel Service, Inc. after the trial court sustained the defendants' demurrer to the cause of action for unfair business practices and granted their motion to strike the cause of action for quantum meruit without leave to amend. On appeal, Goel contends that the causes of action for unfair business practices and quantum meruit were adequately alleged. We disagree and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The trial court proceedings as evidenced by the limited record before this court are as follows. On July 26, 2012, Goel filed a complaint alleging that the defendants administrate "preferred provider" networks for participating doctors and insurers, and had "fraudulently forged plaintiff's signature" onto a "preferred provider agreement (Agreement)." Pursuant to the Agreement, "plaintiff would provide medical services to defendants' patients at discounted rates," and, in exchange, the defendants would "increase the volume of business plaintiff would receive."

The complaint asserted causes of action for intentional interference with contract and prospective business advantage, "fraud-forgery," unfair business practices and unjust enrichment. On July 31, 2012, Goel filed a first amended complaint re-asserting the same causes of action. According to the docket, a demurrer was filed as to the first amended complaint.[1] The parties claim that the trial court sustained the demurrer,

---

[1]  Neither the demurrer nor the trial court's ruling thereon are part of the record.

2

denied leave to amend the unjust enrichment claim, granted leave to amend as to the remaining causes of action, and allowed Goel to add a new cause of action for breach of contract.

On December 10, 2012, Goel filed a second amended complaint adding causes of action for quantum meruit and breach of contract, and removing his cause of action for unjust enrichment. Goel repeated the allegation that the defendants had forged his signature on the Agreement, and further alleged that he had not received the " 'benefit of the bargain' " under the contract because the defendants had not sent him an "increased volume of patients." He also alleged that "because [the defendants] ha[ve] contracts with forgeries with Goel's signature which [they] supplied to the major health plan, the major health plan" paid Goel reduced rates for medical care he provided to certain patients "and instead paid [the defendants] a commission."

The unfair business practices cause of action was based on the alleged "fraudulent forgery of documents with the intent to damage [Goel]." With respect to the quantum meruit cause of action, Goel alleged that "[b]y [d]efendants' misappropriation of [Goel's] signature for their own use, [Goel] conferred a benefit upon defendants by allowing money to be deducted from his bill for medical services he performed."

The defendants raised a general demurrer to each cause of action, and moved to strike the quantum meruit claim on the grounds that Goel had not been granted leave to amend to allege this. In Goel's opposition, he explicitly did not oppose the demurrer to the causes of action for intentional interference, "fraud-forgery" and breach of contract.

3

He argued only that (1) he had adequately stated a claim for unfair business practices based on the allegation that the defendants' "forged agreements with Goel" caused him to lose money (2) the quantum meruit cause of action was adequately based on the allegation that he "was not paid the full amount he charged for his medical services."

On March 22, 2013, the trial court sustained the demurrer without leave to amend as to each cause of action except for the quantum meruit claim which it struck "with prejudice." Goel timely appealed.

## CONTENTIONS

Goel contend that the second amended complaint adequately alleged facts stating causes of action for quantum meruit and unfair business practices.[2]

## DISCUSSION

1. *Standard of Review*

"On appeal from a judgment dismissing an action after sustaining a demurrer without leave to amend, the standard of review is well settled. The reviewing court

---

[2] Goel also contends that the trial court erred in striking the quantum meruit cause of action because the trial court's order sustaining the demurrer to the first amended complaint allowed him to amend the complaint to allege this claim. Although Goel acknowledges that he was not explicitly granted leave to allege this cause of action, he contends that this claim "directly responds" to the court's reason for sustaining the demurrer to the unjust enrichment cause of action. As we have already noted, neither the demurrer to the first amended complaint nor the court's order sustaining that demurrer is in the record before us. It is the appellant's burden to provide an adequate record on appeal. (*Amato v. Mercury Casualty Co.* (1993) 18 Cal.App.4th 1784, 1794.) To the extent the record is inadequate, we make all reasonable inferences in favor of the judgment. (*Ibid.*) Here, the trial court struck the quantum meruit cause of action on the grounds that Goel had not sought leave to amend to add this to the complaint. We must assume, given the inadequate record before us, that the order sustaining the demurrer to the first amended complaint did not grant such leave.

gives the complaint a reasonable interpretation, and treats the demurrer as admitting all material facts properly pleaded. [Citations.] . . . [I]t is an abuse of discretion to sustain a demurrer without leave to amend if the plaintiff shows there is a reasonable possibility any defect identified by the defendant can be cured by amendment." (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 966-967.)

We review the trial court's decision to strike an improper pleading under Code of Civil Procedure section 436 and its denial of leave to amend under the abuse of discretion standard. (*Leader v. Health Industries of America, Inc.* (2001) 89 Cal.App.4th 603, 612 [order striking pleading]; *Branick v. Downey Savings & Loan Assn.* (2006) 39 Cal.4th 235, 242 [denial of leave to amend].)

2.      *The Quantum Meruit Cause of Action*

Goel contends that the defendants' demurrer to the quantum meruit cause of action was without merit because the second amended complaint adequately alleged facts in support of this claim. However, the trial court did not sustain the demurrer as to the quantum meruit cause of action; the court struck it from the pleading on the grounds that Goel had not properly sought leave to amend to add this claim.

Furthermore, Goel has not shown that he could allege sufficient facts to state this claim. The requisite elements of quantum meruit are (1) the plaintiff acted pursuant to "an explicit or implicit request for the services" by the defendant, and (2) the services conferred a benefit on the defendant. (*Day v. Alta Bates Medical Center* (2002) 98 Cal.App.4th 243, 248-249.) Here, the second amended complaint alleged that "[b]y [d]efendants' misappropriation of [Goel's] signature for their own use, [Goel] had

5

conferred a benefit upon defendants . . . . " There are no facts suggesting that the defendants explicitly or implicitly requested that Goel perform medical services on certain patients. The complaint alleges only that the defendants forged Goel's signature on a contract. This is a claim for fraud, not quantum meruit.[3]

3.      *The Unfair Business Practices Cause of Action*

Goel contends that the trial court erred in sustaining the demurrer to the unfair business practices cause of action because the second amended complaint adequately alleged facts showing that the defendants' forgery violated Business and Professions Code section 17200. However, under Business and Professions Code section 17200, " '[p]revailing plaintiffs are generally limited to injunctive relief and restitution,' " and here, the second amended complaint did not seek injunctive relief and did not allege

---

[3]      Goel also argues that quantum meruit is appropriate because emergency room doctors' remedy "in this situation lies in a quantum meruit claim directly against insured patients' *insurers*." Perhaps so, but Goel has not sued his patients' insurers; he sued the defendants who allegedly manage "preferred provider networks" for participating physicians and "major health plans." For the first time, in Goel's reply, he argues that the defendants are liable for their "insurer clients" because the defendants were "the agent[s] of [their] insurer clients, and where a principal is unknown, i.e., if an agent acting for his principal is bound in contract, the result will ordinarily be that *either* the principal or the agent may be held liable on it by the third party." First, the second amended complaint does not allege that the defendants were acting as agents for health care plans. Rather, the second amended complaint alleges that the forged Agreement "obligated defendants to only enter into payor agreements with payors who, among other things, sponsored preferred provider or exclusive provider health care coverage plans . . . . " This does not suggest that the defendants forged the Agreement as insurers' agents, but that the Agreement provided that the defendants would contract with insurers pursuant to certain terms articulated in the Agreement. Second, Goel is not seeking to enforce the contract which the defendants supposedly signed as agents of the insurers. Indeed, he affirmatively denies that he is a party to any such contract.

6

facts showing that Goel was entitled to restitution. (*Zhang v. Superior Court* (2013) 57 Cal.4th 364, 371.)

" 'Restitution under [Business and Professions Code] section 17203 is confined to restoration of any interest in "money or property, real or personal, which may have been *acquired* by means of such unfair competition." (Italics added.) A restitution order against a defendant thus requires both that money or property have been lost by a plaintiff, on the one hand, and that it have been acquired by a defendant, on the other.' [Citation.]" (*Zhang v. Superior Court, supra,* 57 Cal.4th at p. 371.)

Goel argues that the second amended complaint adequately alleged that the defendants relied on the forged Agreement "to induce their insurer clients to reduce the amounts they paid Goel, and turn around and pay [the defendants] a commission . . . . " However, these allegations only show that Goel suffered damages, not that he is entitled to restitution. Goel did not allege facts showing that he lost money which was then acquired by the defendants, but, rather, that he was never adequately compensated by his patients' health care plans for the medical services he provided to those patients. This is a claim for compensatory damages, and "compensatory damages are not recoverable as restitution." (*Pineda v. Bank of America, N.A.* (2010) 50 Cal.4th 1389, 1402, fn. 14.) Therefore, the demurrer was properly sustained as to the unfair competition cause of action as the second amended complaint failed to allege facts showing that Goel was entitled to any relief under Business and Professions Code section 17200.

7

## *DISPOSITION*

The judgment is affirmed.  The defendants are awarded their costs on appeal.


***NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS***



CROSKEY, J.

WE CONCUR:



KLEIN, P. J.



KITCHING, J.

8