[No. S174229. Aug. 9, 2010.]

JAMES A. CLARK et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
NATIONAL WESTERN LIFE INSURANCE COMPANY, Real Party in
Interest.

COUNSEL

Robert S. Gerstein; Gianelli & Morris, Robert S. Gianelli, Jully C. Pae, Richard R. Fruto; Ernst & Mattison, Raymond E. Mattison, Don A. Ernst, Christopher D. Edgington; Law Offices of Ronald A. Marron and Ronald A. Marron for Petitioners.

Barbara A. Jones, Michael Schuster and Jay Sushelsky for AARP as Amicus Curiae on behalf of Petitioners.

No appearance for Respondent.

Barger & Wolen, Kent R. Keller and Larry M. Golub for Real Party in Interest.

Reed Smith, Margaret M. Grignon, Robert D. Phillips, Jr., James C. Martin and Wendy S. Albers for Association of California Life and Health Insurance Companies, North American Company for Life and Health Insurance and Midland National Life Insurance Company as Amici Curiae on behalf of Real Party in Interest.

Fred J. Hiestand for The Civil Justice Association as Amicus Curiae on behalf of Real Party in Interest.

Jorden Burt, James F. Jorden, Denise A. Fee, Ann B. Furman and Brian P. Perryman for American Council of Life Insurers as Amicus Curiae on behalf of Real Party in Interest.

OPINION

**KENNARD, J.**—Under California's unfair competition law (Bus. & Prof. Code, § 17200 et seq.), plaintiffs, who are senior citizens, sued an insurance company, alleging deceptive business practices relating to the purchase and sale of annuity contracts. Plaintiffs sought a monetary award, and they asserted that statutory law entitled them to a trebling of the award.

Plaintiffs rely on Civil Code section 3345, which provides that in an action brought by senior citizens to redress unfair competition, a trier of fact may award up to three times the amount imposed as "a fine, or a civil penalty or other penalty, or any other remedy the purpose or effect of which is to punish or deter." (*Id.*, § 3345, subd. (b).) At issue here is the applicability of that

provision to the unfair competition law, which generally limits a private party's available remedies to injunctions and restitution. (Bus. & Prof. Code, § 17203.)

■ We conclude that because Civil Code section 3345 authorizes the trebling of a remedy only when it is in the nature of a penalty, and because restitution under the unfair competition law is not a penalty, an award of restitution under the unfair competition law—which plaintiffs seek here—is not subject to section 3345's trebling provision.

## I

Plaintiffs James A. Clark, Orville R. Camien, Mary F. Simms-Schmidt, and Carmen R. Armstrong filed this lawsuit against, among others, defendant National Western Life Insurance Company. Plaintiffs' complaint alleged that defendant violated California's unfair competition law (Bus. & Prof. Code, § 17200 et seq.) by using deceptive business practices to induce senior citizens to buy high-commission annuity contracts with large penalties for "early surrender." Plaintiffs sought an injunction, restitution, and, under Civil Code section 3345, treble the amount of any monetary award.

The trial court granted plaintiffs' motion for class action certification of their unfair competition law claim. The class was certified as "All California residents who purchased National Western Life Insurance Company deferred annuities when they were age 65 or older" under specified certificate forms issued by defendant. The trial court then granted defendant insurer's motion for judgment on the pleadings (Code Civ. Proc., § 438) and ruled that Civil Code section 3345's trebled recovery provision did not apply to private actions brought under the unfair competition law.

Plaintiffs petitioned the Court of Appeal for a writ of mandate. That court granted the petition and directed the trial court to enter a new order denying defendant's motion for judgment on the pleadings. We granted defendant's petition for review.

## II

Before we consider defendant insurer's challenge to the Court of Appeal's holding, we briefly summarize the relevant statutes and the Court of Appeal's conclusions.

■ Civil Code section 3345 applies "in actions brought by, on behalf of, or for the benefit of senior citizens or disabled persons, as those terms are defined in subdivisions (f) and (g) of Section 1761, to redress unfair or deceptive acts or practices or unfair methods of competition." (Civ. Code, § 3345, subd. (a).)[1] Subdivision (b) of Civil Code section 3345 allows for a recovery of up to three times the amount of a monetary award whenever "a trier of fact is authorized by a statute to impose either a fine, or a civil penalty or other penalty, or any other remedy the purpose or effect of which is to punish or deter," if the trier of fact finds any of the factors identified in the statute to exist.[2]

■ The unfair competition law prohibits "any unlawful, unfair or fraudulent business act or practice" (Bus. & Prof. Code, § 17200); actions under this law may be brought by either private plaintiffs or public prosecutors (*id.*, § 17204). In a private unfair competition law action, the remedies are " 'generally limited to injunctive relief and restitution.' " (*Kasky v. Nike, Inc.* (2002) 27 Cal.4th 939, 950 [119 Cal.Rptr.2d 296, 45 P.3d 243]; see Bus. & Prof. Code, § 17203.) When the action is brought by public prosecutors, the recovery may also include a civil penalty of up to $2,500 for each violation. (Bus. & Prof. Code, § 17206.) Not recoverable are damages, including punitive damages and increased or enhanced damages. (*Korea Supply Co. v. Lockheed Martin Corp.* (2003) 29 Cal.4th 1134, 1148 [131 Cal.Rptr.2d 29, 63 P.3d 937]; *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.* (1999) 20 Cal.4th 163, 179 [83 Cal.Rptr.2d 548, 973 P.2d 527].)

Here, the Court of Appeal held that under the plain meaning of Civil Code section 3345 its trebled recovery provision applied to plaintiffs' demand for a

---

[1] Subdivision (f) of Civil Code section 1761 defines "senior citizen" as a person 65 years of age or older, and subdivision (g) defines "disabled person" as a person "who has a physical or mental impairment that substantially limits one or more major life activities."

[2] Subdivision (b) of Civil Code section 3345 requires the trier of fact to consider these factors: "(1) Whether the defendant knew or should have known that his or her conduct was directed to one or more senior citizens or disabled persons. [¶] (2) Whether the defendant's conduct caused one or more senior citizens or disabled persons to suffer: loss or encumbrance of a primary residence, principal employment, or source of income; substantial loss of property set aside for retirement, or for personal or family care and maintenance; or substantial loss of payments received under a pension or retirement plan or a government benefits program, or assets essential to the health or welfare of the senior citizen or disabled person. [¶] (3) Whether one or more senior citizens or disabled persons are substantially more vulnerable than other members of the public to the defendant's conduct because of age, poor health or infirmity, impaired understanding, restricted mobility, or disability, and actually suffered substantial physical, emotional, or economic damage resulting from the defendant's conduct."

monetary award under the *unfair competition law*, because the action here was brought by senior citizens "to redress unfair or deceptive acts or practices or *unfair methods of competition*." (Civ. Code, § 3345, subd. (a), italics added; see *id.*, subd. (b).) The Court of Appeal further concluded that an award of restitution—the only monetary remedy available in a private action brought under the unfair competition law—has a deterrent purpose and effect and therefore falls within the statutory language as a "remedy the purpose or effect of which is to . . . deter" within the meaning of section 3345. Defendant insurer challenges both conclusions.

## III

Defendant insurer contends that Civil Code section 3345's trebling provision applies only to actions brought under the Consumers Legal Remedies Act.[3] It argues that the Legislature must have intended this result because in subdivision (a) of section 3345 the Legislature used phrases that are identical to those used in Civil Code section 1770's subdivision (a), a provision of the Consumers Legal Remedies Act. The identical phrases are "unfair or deceptive acts" and "unfair methods of competition." (*Id.*, §§ 1770, subd. (a), 3345, subd. (a).) Defendant correctly notes that these phrases do not appear in the unfair competition law, which prohibits "unlawful, unfair or fraudulent" business acts or practices. (Bus. & Prof. Code, § 17200.)

■ We disagree, however, with defendant insurer's contention. It is apparent from the language of Civil Code section 3345 that its applicability is not limited to actions brought under the Consumers Legal Remedies Act. Subdivision (a) of section 3345 specifically states its applicability to actions "brought . . . to redress unfair or deceptive acts or practices or unfair methods of competition," not just to actions brought under the Consumers Legal Remedies Act. In addition, subdivision (b) of section 3345 allows for trebled recovery "[w]henever a trier of fact is authorized by *a statute*" (italics added) to impose specified remedies. That provision refers to any statute that

---

[3] The Consumers Legal Remedies Act (Civ. Code, § 1750 et seq.) allows consumers to recover damages, restitution, and other remedies against a person who in the sale or lease of any goods or services uses any method, act, or practice declared in section 1770 to be unlawful. (*Id.*, § 1780, subd. (a).) The 24 enumerated subparagraphs of section 1770's subdivision (a) identify a number of prohibited practices, such as passing off goods or services as those of another (§ 1770, subd. (a)(1)), misrepresenting the source of goods or services (*id.*, subd. (a)(2)), and using deceptive representations of the geographic origin of goods or services (*id.*, subd. (a)(4)).

authorizes the specified remedies, not just the Consumers Legal Remedies Act. Additional support for our conclusion can be found in the circumstances surrounding the enactment of section 3345.

Civil Code section 3345 was one of three statutes that the Legislature added or amended in 1988 (Stats. 1988, ch. 823, §§ 1–4, pp. 2665–2669) as part of Senate Bill No. 1157 (1987–1988 Reg. Sess.). That bill created a new Civil Code section 3345 and a new Business and Professions Code section 17206.1. The latter statute authorizes public prosecutors in unfair competition law actions to recover additional civil penalties when the acts of unfair competition were perpetrated against senior citizens or against disabled persons. Senate Bill No. 1157 also amended the Consumers Legal Remedies Act (Civ. Code, § 1750 et seq.) to authorize senior citizens as well as disabled persons to recover up to $5,000 in addition to any other remedies available under that act, including compensatory and punitive damages. (Civ. Code, § 1780, subds. (a), (b).) Had the Legislature intended section 3345 to be limited to actions under the Consumers Legal Remedies Act, it could simply have amended only that act. Instead, the Legislature simultaneously enacted Civil Code section 3345 as a separate statute that applies to "actions brought" (*id.*, subd. (a)), "[w]henever a trier of fact is authorized *by a statute*" (*id.*, subd. (b), italics added) to impose "a fine, or a civil penalty or other penalty, or any other remedy the purpose or effect of which is to punish or deter . . . ." (*Ibid.*)

Nor do we find persuasive defendant insurer's argument that because Civil Code section 3345, subdivision (a) incorporates by reference the definitions of "senior citizens" and "disabled persons" found in the Consumers Legal Remedies Act (Civ. Code, § 1761, subds. (f), (g)), section 3345 refers only to the Consumers Legal Remedies Act. Section 3345 incorporates only these two definitions from the Consumers Legal Remedies Act, not the entire act. This incorporation shows no legislative intent to restrict section 3345's applicability to the Consumers Legal Remedies Act.

■ Accordingly, we hold that Civil Code section 3345 is not limited to actions under the Consumers Legal Remedies Act.

## IV

Defendant insurer contends that the Court of Appeal erred in holding that an action brought by senior citizens under the unfair competition law is one in which the trier of fact "is authorized by statute to impose a fine, or a civil

penalty or other penalty, or any other remedy the purpose or effect of which is to punish or deter . . . ." (See Civ. Code, § 3345, subd. (b).)

This language from section 3345, subdivision (b) focuses attention on the remedy available. The only monetary remedy available in a private action under the unfair competition law is restitution. (*Korea Supply Co. v. Lockheed Martin Corp.*, *supra*, 29 Cal.4th at pp. 1146, 1148; *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, *supra*, 20 Cal.4th at p. 179.) The Court of Appeal concluded, however, that restitution is a "remedy the purpose or effect of which is to punish or deter" within the meaning of subdivision (b) of Civil Code section 3345. The Court of Appeal relied on decisions by this court recognizing that the unfair competition law remedy of restitution has a deterrent effect (*Korea Supply Co. v. Lockheed Martin Corp.*, *supra*, at p. 1148 [deterrence of unfair practices is an important goal of unfair competition law, but not its sole objective]; *Bank of the West v. Superior Court* (1992) 2 Cal.4th 1254, 1267 [10 Cal.Rptr.2d 538, 833 P.2d 545] [purpose of injunction and restitution under unfair competition law includes deterrence of future violations]), reasoning that the unfair competition law is therefore a statute that authorizes the trier of fact to impose a remedy that "has a deterrent purpose and effect." Defendant insurer challenges the Court of Appeal's holding.

Defendant insurer's analysis is this: Subdivision (b) of Civil Code section 3345 allows up to three times the amount of a fine, civil penalty, or "any other remedy the purpose or effect of which is to punish or deter." According to defendant, the Court of Appeal read in isolation, rather than in context, the statutory phrase "the purpose or effect of which is to . . . deter," which appears in subdivision (b) of section 3345. This led the court to conclude that any remedy with a deterrent effect falls within subdivision (b)'s trebled recovery provision. Defendant points out that immediately preceding the just-quoted statutory language is phrasing restricting trebled recovery to a statutorily authorized "fine, or a civil penalty or other penalty." Thus, defendant argues, subdivision (b)'s "deter" language must be read as pertaining to a remedy that is designed to punish. We agree.

█ Pertinent here is this canon of statutory construction: "[W]hen a particular class of things modifies general words, those general words are construed as applying only to things of the same nature or class as those enumerated." (*People v. Arias* (2008) 45 Cal.4th 169, 180 [85 Cal.Rptr.3d 1, 195 P.3d 103].) The canon "presumes that if the Legislature intends a general word to be used in its unrestricted sense, it does not also offer as examples

peculiar things or classes of things since those descriptions then would be surplusage." (*Kraus v. Trinity Management Services, Inc.* (2000) 23 Cal.4th 116, 141 [96 Cal.Rptr.2d 485, 999 P.2d 718].) This simply means that if a statute contains a list of specified items followed by more general words, the general words are limited to those items that are similar to those specifically listed.

Application of that canon of statutory construction here supports defendant insurers' argument that the statutory phrase "or any other remedy the purpose or effect of which is to punish or deter," which appears in the trebled recovery provision in question (Civ. Code, § 3345, subd. (b)), means a remedy that is in the nature of a penalty. To conclude otherwise, as the Court of Appeal did here, would turn into meaningless surplusage the phrase immediately preceding the statute's "deter" language, which expressly refers to a "fine, or a civil penalty or other penalty." All remedies have some incidental deterrent effect. Here, the trebled recovery provision comes into play when the governing statutory remedy has "*the* purpose or effect" of punishing or deterring. (Civ. Code, § 3345, subd. (b), italics added.) Had the Legislature intended *any* statutory remedy to be subject to section 3345's trebling provision, it would have used simply the word "remedy" without any qualifying language.

For the reasons given above, we conclude that trebled recovery may be awarded under Civil Code section 3345, subdivision (b) only if the statute under which recovery is sought permits a remedy that is in the nature of a penalty. We now consider whether the unfair competition law, the basis of plaintiffs' private party action, falls within that category.

■  As we have seen (p. 613, *ante*), restitution is the only monetary remedy authorized in a private action brought under the unfair competition law. (*Korea Supply Co. v. Lockheed Martin Corp., supra*, 29 Cal.4th at pp. 1146, 1148.) Restitution is not a punitive remedy. The word "restitution" means the return of money or other property obtained through an improper means to the person from whom the property was taken. (*Kasky v. Nike, Inc., supra*, 27 Cal.4th at p. 950; *Kraus v. Trinity Management Services, Inc., supra*, 23 Cal.4th at pp. 126–127.) "The object of restitution is to restore the status quo by *returning to the plaintiff* funds in which he or she has an ownership interest." (*Korea Supply Co. v. Lockheed Martin Corp., supra*, 29 Cal.4th at p. 1149, italics added.) In contrast, a penalty is a recovery " 'without reference to the actual damage sustained . . . .' " (*Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094, 1104 [56 Cal.Rptr.3d 880, 155 P.3d 284].) "Penalties provide for ' "recovery of damages additional to actual losses incurred, such as double or treble damages . . . ." ' " (*Ibid.*) Because

restitution in a private action brought under the unfair competition law is measured by what was taken from the plaintiff, that remedy is not a penalty and hence does not fall within the trebled recovery provision of Civil Code section 3345, subdivision (b).

The judgment of the Court of Appeal is reversed.

George, C. J., Baxter, J., Werdegar, J., Chin, J., Moreno, J., and Corrigan, J., concurred.