Karen CROSBY, an Individual,
Plaintiff,

v.

WELLS FARGO BANK, N.A. doing business as Wells Fargo Private Mortgage Banking, and Does 1 through 25, inclusive, Defendants.

Case No. CV 14–05594–R.

United States District Court, C.D. California.

Signed Sept. 3, 2014.

Kenneth P. Roberts, Law Offices Kenneth P. Roberts APLC, Woodland Hills, CA, for Plaintiff.

Danielle Leah Levine, Paul Berkowitz, Thomas R. Kaufman, Sheppard Mullin Richter and Hampton LLP, Los Angeles, CA, for Defendants.

## ORDER GRANTING MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

MANUEL L. REAL, District Judge.

Before the Court is Defendant Wells Fargo Bank N.A.'s Motion for Partial Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c). Finding the matter suitable for decision on the papers, the Court took it under submission on August 26, 2014.

For the following reasons, the Court GRANTS the Motion without leave to amend.

Plaintiff Karen Crosby alleges that Wells Fargo terminated her employment on February 19, 2013, but violated California Labor Code § 201 by not paying her commissions earned at the time of her discharge. Ms. Crosby has also asserted a representative claim under the California Labor Code Private Attorney General Act, which allows an aggrieved employee to recover a civil penalty for violations of other Labor Code provisions.

Ms. Crosby was employed as a Private Mortgage Banker at Wells Fargo and received a portion of her compensation as a commission on loans and mortgages that she originated. Ms. Crosby alleges that her duties as related to the loans virtually concluded once the loan received preliminary approval; however, her commission was not paid until the loan was actually funded and closed. At the time of her termination, Ms. Crosby alleges that she had originated several loans that received preliminary approval, but, because the loans had not yet been funded at the time of her departure, she was not paid a com-

mission on the loans. Ms. Crosby refers to these loans as "Pending Approved Loans."

Ms. Crosby's compensation agreement with Wells Fargo contains a specific provision related to a commission on the Pending Approved Loans: After her termination, Ms. Crosby would be paid only on those loans that were funded within "thirty (30) days after termination of employment, or in accordance with state law." Because certain of the Pending Approved Loans were not funded more than 30 days after Ms. Crosby's termination, Wells Fargo denies that it owes Ms. Crosby a commission for these loans.

On February 11, 2014, Plaintiff sent a letter to the California Labor and Workforce Development Agency (the "LWDA") setting forth the basis for her belief that Wells Fargo violated the Labor Code by refusing to pay these commissions. On March 11, 2014, the LWDA gave Ms. Crosby notice that while it was not going to investigate her allegations, she could instead proceed with a private action under PAGA to collect civil penalties. Wells Fargo seeks judgment on the pleadings with respect to Ms. Crosby's PAGA claim.

■ "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). "Judgment on the pleadings is properly granted when, taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." *Knappenberger v. City of Phx.*, 566 F.3d 936, 939 (9th Cir.2009) (quoting *Merchants Home Delivery Serv., Inc. v. Frank B. Hall & Co.*, 50 F.3d 1486, 1488 (9th Cir.1995)).

■ On a Rule 12(c) motion, the court must accept as true all the material facts alleged in the complaint and must draw all reasonable inferences in favor of the non-

moving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir.2009). In ruling on a Rule 12(c) motion, the court may not consider extrinsic evidence unless the motion is converted into a Rule 56 summary judgment. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir.1989) (citing Fed.R.Civ.P. 12(c); *Bonilla v. Oakland Scavenger Co.*, 697 F.2d 1297, 1301 (9th Cir.1982)). However, a court may consider facts that are contained in materials of which the court may take judicial notice when considering a motion for judgment on the pleadings. *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n. 18 (9th Cir.1999) (quoting *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir.1994)).

■ Defendant Wells Fargo requests judicial notice of a Letter to Labor Workforce Development Agency from Kenneth P. Roberts dated February 11, 2014. As this document is referenced in Plaintiff's complaint and no party questions its authenticity, it is properly subject to judicial notice. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir.2005) (citations omitted).

Defendant Wells Fargo contends that the one-year statute of limitations set out in the California Code of Civil Procedure § 340(a) bars Plaintiff's request for civil penalties pursuant to PAGA because any underlying violation of Labor Code § 201 occurred on Plaintiff's date of termination, February 19, 2013. Although Plaintiff filed the present suit more than one year and six months after her termination, she argues that because Wells Fargo's violations of Labor Code § 201 occurred when certain Pending Approved Loans closed, which occurred within one year and twenty eight days of the filing of her complaint, her claim under PAGA is not time barred.

Labor Code § 201(a) provides, in part, "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Plaintiff, relying on a 1999 opinion letter from the California Division of Labor Standards Enforcement, would have the Court interpret this statute to mean that wages, even those earned after an employee's discharge, are due and payable upon accrual of the right to the wage. Division of Labor Standards Enforcement Opinion Letter 1999.01.09. Plaintiff, of course, can cite no binding authority for this interpretation of § 201, which departs from the plain language of the statute. Indeed, the Opinion Letter itself cites no California authority for this proposition, nor does it provide any analysis of the text of § 201 itself. Instead, the Opinion Letter cites only to an Indiana case in which waiting-time penalties were assessed after an employer failed to pay an "accrued and earned incentive bonus" on an agreed-upon date. *See Cap Gemini Am., Inc. v. Judd*, 597 N.E.2d 1272, 1278, 1285 (Ind.App. 1992).

In contrast, many courts have interpreted § 201 in a manner consistent with its plain language, meaning that wages earned and unpaid at the time of discharge are due and payable upon discharge of the employee. For example, in *Pineda v. Bank of America, N.A.*, the California Supreme Court stated that a cause of action for penalties resulting from a violation of § 201 "accrues when an employer fails to pay wages on an employee's final workday." 50 Cal.4th 1389, 1398 n. 7, 117 Cal.Rptr.3d 377, 241 P.3d 870 (2010). Similarly, the court in *London v. Sears, Roebuck & Company* analyzed whether the plaintiff "was owned her commission on the date she was terminated" to determine whether a violation of § 201 had occurred. 619 F.Supp.2d 854, 864 (N.D.Cal.2009) *accord Mazzei v. Regal Entm't Group*, No. 13–1284, 2013 WL 6633079, *3, 2013 U.S. Dist. LEXIS 177883, *7 (C.D.Cal. Dec. 13,

2013) (citations omitted) ("To qualify for penalties under PAGA, then, Plaintiffs must file their complaint within one year of the termination of their employment, or at a minimum send their notice letter before the year ends.").

■ Accordingly, any violation of § 201 by Defendant Wells Fargo occurred on the date of Plaintiff Crosby's termination.

PAGA permits individuals to bring private actions against an employer for civil penalties under specified sections of the Labor Code, including § 201. *See* Cal. Lab.Code § 2699(a). Because the civil penalties recoverable under PAGA are "penalties" within the meaning of CCP § 340(a), PAGA claims are subject to a one-year statute of limitations. *Baas v. Dollar Tree Stores,* No. C07–03108, 2009 WL 1765759, at *5 (N.D.Cal. Jun. 18, 2009). However, this statute of limitations may be tolled for up to 33 days to account for the period between when LWDA receives a PAGA complaint letter and when it provides notice to the aggrieved employee whether it grants permission for the aggrieved employee to initiate a civil action. Cal. Lab.Code § 2699.3(a)(2) and (d). If the employee receives notice from LWDA in a period shorter than 33 days, the statute of limitations is tolled for the shorter period. *See id.*

Here, Plaintiff admits that her employment with Wells Fargo concluded on February 19, 2013, which is the date that any violation of § 201 would have occurred. (Compl. ¶ 9.) Plaintiff further admits that she notified LWDA of the alleged violations on February 11, 2014 and that she received a response from LWDA twenty-eight days later, on March 11, 2014. (Compl. ¶ 25.) Accordingly, because Plaintiff's complaint was filed on June 27, 2014, nearly sixteen months after her termination, her claim under PAGA is time barred. *Mazzei,* 2013 WL 6633079, *3, 2013 U.S. Dist. LEXIS 177883, *7.

Plaintiff requests leave to amend if this Court is inclined to grant Defendant's Motion. Plaintiff seeks leave to add a number of new allegations, including the dates certain Pending Approved Loans were funded, violations of other Sections of the Labor Code that were not mentioned in Plaintiff's letter to LWDA, contractual provisions of Plaintiff's compensation agreement, and alternative PAGA penalties.

■ Courts have discretion to grant Rule 12(c) motions with leave to amend. *Lonberg v. City of Riverside,* 300 F.Supp.2d 942, 945 (E.D.Cal.2004) (citing *Carmen v. S.F. Unified Sch. Dist.,* 982 F.Supp. 1396, 1401 (N.D.Cal.1997)). This is particularly true where any amendment would be futile. *See In re Dynamic Random Access Memory (Dram) Antitrust Litig.,* 516 F.Supp.2d 1072, 1113 (N.D.Cal. 2007).

■ Here, any further amendment would be futile because Plaintiff's PAGA claim is barred by the applicable statute of limitations. *Moreno v. Autozone, Inc.,* No. 05–04432, 2007 WL 1650942, at *5 (N.D.Cal. June 5, 2007). As such, the Court finds that leave to amend is not warranted here and exercises its discretion to dismiss Plaintiff's PAGA Claim with prejudice.

IT IS HEREBY ORDERED that Defendant's Motion is GRANTED without leave to amend.