**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 14 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES ESTAKHRIAN; et al., | No. 19-55459 |
| Plaintiffs-Appellees, | D.C. No. 2:11-cv-03480-FMO-CW |
| v. | |
| MARK RICHARD OBENSTINE, | MEMORANDUM[*] |
| Defendant-Appellant, | |
| and | |
| BENJAMIN F. EASTERLIN IV; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Submitted June 10, 2021[**]
Pasadena, California

Before: GRABER, CALLAHAN, and FORREST, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

After a bench trial, the district court ordered Defendant Mark Richard Obenstine to disgorge $12 million in attorney's fees from a state court case. Obenstine appeals from the district court's judgment on various grounds.[1] We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1.     Obenstine argues that the district court lacked subject matter jurisdiction because named plaintiff James Estakhrian testified at trial that he was not "aware of any negative financial impact . . . Mr. Obenstine has done with respect to [him]." We review a district court's determination of subject matter jurisdiction de novo and the district court's factual findings on jurisdictional issues for clear error. *Stock W., Inc. v. Confederated Tribes of Colville Rsrv.*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Obenstine's argument is not persuasive. First, the other named plaintiff, Abdi Naziri, had standing. *See Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (en banc) ("In a class action, standing is satisfied if at least one named plaintiff meets the requirements."). Naziri testified that Obenstine and the other defendants caused him to lose money by encouraging him and the other class members to accept a settlement of the state court case that would return only a fraction of the deposits they paid to purchase condos. Second, Estakhrian testified

---

[1]    Because the parties are familiar with the facts, we restate only those necessary to explain our decision.

at trial that he did not get the total amount of the deposit back and was not returned the full retainer he advanced to Obenstine. Finally, we note that the district court reasonably found that "the $12 million in fees Obenstine received directly diluted the compensation paid to the class" in the state case, of which class the named plaintiffs were a part.

**2**. Obenstine contends that the district court erred in granting class certification. "We review the district court's class certification order for abuse of discretion and the findings of fact upon which it relied for clear error." *Ruiz Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1132 (9th Cir. 2016).

First, Obenstine asserts that because Estakhrian lacked standing, he could not assert claims on behalf of the class. This assertion fails because both named plaintiffs had standing. *See Bates*, 511 F.3d at 985.

Second, Obenstine argues that the district court should not have certified the class because the class's claims arise under California law, but "nearly 50% of the class members are residents of Nevada or other states who complain, if at all, of actions taken in Nevada." However, "a forum State may exercise jurisdiction over the claim of an absent class-action plaintiff, even though that plaintiff may not possess the minimum contacts with the forum which would support personal jurisdiction over a defendant." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811 (1985). Also, Obenstine worked from his office in California, which work

3

included sending and receiving the retainer agreements. In addition, even assuming the unlawful conduct happened in Nevada, the claims mainly concern Obenstine's violations of his obligations as a California lawyer under California law, which obligations were binding wherever he was working. Cal. Rules Prof. Conduct 1-100(D) ("These rules shall govern the activities of members in and outside this state.").[2]

Third, Obenstine contends that by ruling on his motion for summary judgment before the motion for class certification, the district court violated the general rule against deciding motions for summary judgment before the class has been certified and notified. The Ninth Circuit has explained, though, that "[i]t is reasonable to consider a Rule 56 motion first when early resolution of a motion for summary judgment seems likely to protect both the parties and the court from needless and costly further litigation." *Wright v. Schock*, 742 F.2d 541, 544 (9th Cir. 1984). Here, it was reasonable for the district court to address the issues raised in the summary judgment motion first because they could have been dispositive as to whether the suit could even move forward. Moreover, Obenstine waived this objection by moving for summary judgment before the class was certified. *See Schwarzschild v. Tse*, 69 F.3d 293, 297 (9th Cir. 1995). Last, he

---

[2]     We quote from the "1992" California Rules of Professional Conduct effective from September 14, 1992 to October 31, 2018, the version in effect at the time of the relevant events.

does not explain how he was harmed by the district court deciding the motion before certifying the class.

**3.** Obenstine asserts that the district court erred in granting Plaintiffs leave to file a second amended complaint after the close of discovery. A district court's order granting leave to amend a complaint is reviewed for an abuse of discretion. *Raynor Bros. v. Am. Cyanimid Co.*, 695 F.2d 382, 384 (9th Cir. 1982).

Obenstine claims that adding Naziri as a class representative "provided [Plaintiffs] a completely new set of facts by which they could seek recovery. Mr. Naziri owned property in a different tower than Mr. Estakhrian and he did not retain any of the defendants and counsel." However, no additional discovery was necessary because the First Amended Complaint already encompassed claims relating to both towers. Also, this litigation has always centered on the allegation that due to an undisclosed conflict of interest, Obenstine and the other defendants secured for the class an undervalued settlement in the state court case, of which class Naziri was a part. Accordingly, it is of no moment that Naziri was not one of the class members who specifically retained Obenstine or another defendant.

We do not consider Obenstine's argument concerning Federal Rule of Procedure 8 because he failed to raise this issue in his opening brief. *See Friends of Yosemite Valley v. Kempthorne*, 520 F.3d 1024, 1033 (9th Cir. 2008).

**4.** Finally, Obenstine argues that the district court erred in ordering him

5

to disgorge the $12 million in attorney's fees he received in the underlying state litigation. "We review orders of disgorgement for an abuse of discretion." *SEC v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1096 (9th Cir. 2010).

Obenstine first contends that only certain of the class members signed retainers with him and, of the remaining class members, approximately 50% are not eligible for relief under California law. But under California law, the issue is "the wrongdoer's enrichment, not the victim's loss." *County of San Bernardino v. Walsh*, 158 Cal. App. 4th 533, 542 (2007). The district court found that Obenstine wronged all class members in the state court case—whether they retained Obenstine or not, and whether they were California residents or not—and profited $12 million from it.

Obenstine also asserts that the amount ordered disgorged was excessive because the district court "did not attempt any inquiry into the amount of that award that Mr. Obenstine received after paying costs, taxes, and other necessary expenses." Obenstine's reliance on *Liu v. SEC*, 140 S. Ct. 1936 (2020) for this argument is inapposite because there the question was whether 15 U.S.C. § 78u(d)(5) "authorizes the SEC to seek disgorgement beyond a defendant's net profits from wrongdoing." *Id*. at 1942. Under California's Unfair Competition Law, claims for restitution are measured simply "by what was taken from the plaintiff." *Clark v. Superior Court (Nat'l W. Life Ins. Co.)*, 50 Cal. 4th 605, 615

(2010).

Finally, Obenstine argues that the $12 million order should be offset by the amount two other defendants paid in settlement. That amount, though, was "allocated to alleged damages and recovery pled other than claims of disgorgement or restitution," while the order against Obenstine was designed to disgorge the attorney's fees he improperly received.

**AFFIRMED.**[3]

---

[3]  Obenstine's Motion for Summary Disposition, Dkt. No. 43, is DENIED as moot.