Filed 9/30/25  Ezor v. Page CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| ARTHUR EDWARD EZOR, | B339284 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 22STCV17343) |
| v. | |
| ELLIE PAGE, et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Maurice A. Leiter, Judge.  Affirmed.

Arthur Edward Ezor, in pro. per., for Plaintiff and Appellant.

The Burbank Firm and James G. Morris for Defendants and Respondents.

\* \* \* \* \* \*

Arthur Edward Ezor (Ezor) filed this action against numerous defendants, including Ellie Page (Page), the Trustee of the Jill Ilana Wizel Special Needs Trust (Special Needs Trust), after the probate court ordered his property to be sold to satisfy a judgment against him. The trial court granted Page's motion for summary judgment. We affirm.

## FACTUAL AND PROCEDURAL HISTORY

I.     **Facts**[1]

Ezor and Jill Wizel were co-trustees of the Lydia Wizel Trust, dated June 12, 1991, and amended on August 3, 1993 (Trust). The Trust provided that the settlor's principal residence would be allocated to a separate sub-trust for Jill Wizel and that certain specific gifts would be distributed.[2] The Trust further provided that the balance of the estate would be divided in half between Lydia's children, Jill and Robert Brown (Brown).

In September 2008, Brown filed a Petition for Instructions seeking to have Ezor and Jill removed as co-trustees and surcharged for breaching their fiduciary duties. Brown also sought an accounting for the entire period of trust administration, among other things. Brown had previously raised concerns to Ezor about Jill's competence to serve as co-trustee based upon her substance abuse, gambling problem, and psychiatric issues.

---

[1] These facts are drawn from the nonpublished opinion affirming the underlying judgment. (*Ezor v. Brown* (Sept. 16, 2013, B237990) [nonpub. opn.].)

[2] For purposes of clarity, we refer to Lydia Wizel and Jill Wizel by their first names.

In August 2009, the probate court removed Jill as co-trustee, suspended Ezor as co-trustee, and named Brown to replace Jill.  In January 2010, the probate court appointed Page as the permanent conservator over Jill's person and estate.  Page is a licensed professional fiduciary in the State of California who serves as a trustee and conservator.

Following a bench trial in May 2010, the probate court found that Ezor had breached his duties by delaying the administration of the Trust, paying himself and his attorney excessive fees, refusing to make any distributions to Brown, failing to investigate Jill's competence to serve as a trustee, failing to pay Jill's medical insurance premiums, and opposing the beneficiaries' objections to his accounting without reasonable cause and in bad faith.  The probate court entered judgment against Ezor in the total amount of $511,125.  On April 5, 2012, the probate court entered an amended judgment in the total amount of $486,233.50.

The Special Needs Trust for the benefit of Jill was created, and Page became the trustee.  Brown passed away on July 3, 2016.  Therefore, the two judgment creditors are the Special Needs Trust and Brown's estate.

Ezor owned a residential property located on La Brea Avenue in Los Angeles, California (Property).  In 2016, Page obtained an order from the probate court authorizing the sale of the Property, but gave Ezor time to conduct a private sale.  After the order expired, Page again petitioned the probate court for an order to sell the Property.  On February 23, 2018, the probate court identified Ezor as the judgment debtor and found that the Property was not subject to the Homestead Exemption.  The probate court again ordered the Property to be sold to satisfy the

amended judgment.  The Property was sold at a Sheriff's sale on May 18, 2018.

## II.     Procedural Background

Ezor filed this action on May 26, 2022, and filed the operative second amended complaint on July 17, 2023.  Ezor asserted nine causes of action, two of which were directed at Page: (1) The fifth cause of action for violation of California Business and Professions Code section 17200 et seq., and (2) The sixth cause of action for quiet title.

Page moved for summary judgment, or in the alternative, summary adjudication.[3]  Ezor filed an opposition to the motion.  Following a hearing, the trial court granted Page's motion for summary judgment.  The trial court entered judgment on May 8, 2024.  This timely appeal followed.

## DISCUSSION

## I.     Summary Judgment and Standard of Review

The judgment is appealable.  (Code Civ. Proc., §§ 437c, subd. (m)(1), 904.1, subd. (a)(1).)  A defendant moving for summary judgment must make a prima facie showing that there are no triable issues of fact in order to meet its initial burden of production.  (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 861.)  Once the defendant has satisfied that burden, the burden shifts to the plaintiff to make a prima facie showing that a triable issue of material fact exists.  (*Id.* at p. 850.)  To do so,

---

[3] Although the notice of motion references the first amended complaint, the memorandum of points and authorities makes clear that this motion was directed at the operative second amended complaint.  Ezor did not oppose the motion on this basis.

4

the plaintiff must produce substantial responsive evidence. (See *Sangster v. Paetkau* (1998) 68 Cal.App.4th 151, 162–163.)

We independently assess whether summary judgment is appropriate. (*Jacks v. City of Santa Barbara* (2017) 3 Cal.5th 248, 272.) Our task is to review the trial court's *ruling*, not its *rationale*, so we may affirm on any ground raised by the parties below. (*Atalla v. Rite Aid Corp.* (2023) 89 Cal.App.5th 294, 307; *Scheer v. Regents of University of California* (2022) 76 Cal.App.5th 904, 913.)

## II.    The Fifth Cause of Action

California's unfair competition law prohibits any unlawful, unfair, or fraudulent business act or practice. (Bus. & Prof. Code, § 17200; see also *Clark v. Superior Court* (2010) 50 Cal.4th 605, 610.) Page relied on her own declaration, in which she states that she is a professional fiduciary; she is not in the business of selling or financing real estate; and the Sheriff's sale was the only one in which she has ever participated. This evidence is sufficient to establish that Page does not engage in the alleged business acts or practices. Moreover, Page relied on declarations stating that she merely sought to enforce a valid judgment and played no role in conducting the Sheriff's sale or procuring buyers. Ezor advanced no evidence giving rise to a triable issue on these matters.

On appeal, Ezor argues that Page did not obtain authorization from the probate court to enforce the judgment following Brown's death. In fact, Page obtained an order from the probate court authorizing the sale of the Property. The order was dated February 23, 2018, after Brown's death on July 3, 2016.

5

Ezor also argues that the Sheriff's sale was "rigged, fraudulent and illegal in fact and law," but cites no evidence that Page was involved in any illegality.  Therefore, we agree with the trial court that there is no triable issue on the fifth cause of action.

### III.    The Sixth Cause of Action

A cause of action for quiet title generally has two elements: (1) The plaintiff is the owner and in possession of the property at issue; and (2) The defendant claims an interest in the property that is adverse to the plaintiff.  (*South Shore Land Co. v. Petersen* (1964) 226 Cal.App.2d 725, 740.)  In her declaration, Page states that she never took title to, or possession of, the Property.  This is consistent with the probate court having to order a sale to enforce the judgment.  Our review of the record reveals no evidence giving rise to a triable issue, and Ezor identifies none on appeal.  Therefore, we agree with the trial court that there is no triable issue on the sixth cause of action.

### IV.    Ezor's Remaining Arguments

Ezor argues that the trial court erred in failing to address each of his objections to Page's evidence.  The trial court need only rule on those evidentiary objections that are material to its disposition of the motion.  (Code Civ. Proc., § 437c, subd. (q).)  Although the trial court did not expressly address Ezor's (meritless) objections to Page's dispositive evidence, we presume they were overruled.  (*Reid v. Google, Inc.* (2010) 50 Cal.4th 512, 534 ["if the trial court fails to rule expressly on specific evidentiary objections, it is presumed that the objections have been overruled . . . ."].)  Ezor also argues that the trial court's order failed to address every issue.  The brevity of the trial court's order reflects the straightforward nature of this case.

6

**DISPOSITION**

The judgment is affirmed. Page is entitled to her costs on appeal.

NOT TO BE PUBLISHED.


GOORVITCH, J.[*]

We concur:


LUI, P. J.


RICHARDSON, J.

---

[*] Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.